Opinion of the Court.
THE heirs of Caleb Hall filed their bill against his administrator, to compel an account and distribution of the estate of the decedent. They allege that the decedent was not in debt, and that no demands had ever arisen against the estate. That the administrator had disposed of the personal estate, and therefor received considerable sums of money; but they do not state how much. They also charge, that the decedent left a likely young woman slave, whom they do not name or give any other description of her, except that she is of the value of six hundred dollars ; that the administrator had used and hired her out ever since his administration, and that her hire was reasonably worth sixty dollars per annum, and that since the decedent’s death, she had had several children, the value and description of which is not shewn. They further charge, that they had specially demanded the estate of *98 the decedent, and tendered a bond to refund, in case debts should hereafter arise, with security, and exhibit the bond as part of their bill. They then make the administrator and his security in the administration bond defendants, and pray for general relief. Process having been executed on the defendants, and no answer being filed, the bill was taken as confessed, and the court below decreed that the complainants should recover the negro woman slave; that she should be delivered by a day named in the decree, and if she was not so delivered that the defendants should pay six hundred dollars as her value “ with interest thereon at the rate of six per centum, until the same was paid;” also, that the complainants should recover fifty dollars per annum from the date of the administration bond up to the rendition of the decree and cost of suit. To reverse this decree, this writ of error is prosecuted.
On a bill’s having been taken pro confesso, the court may decree in favor of the complainants with proof of their right to sue, or of the allegations of their bill.
In all cases purely equitable, the court may, without the intervention, of a jury or commissioners, liquidate all uncertain sums necessary to be adjusted.
*98 It is now assigned for error that the bill was prematurely taken as confessed. This assignment is predicated upon a mistake of what the record contains. The cause remained on the docket longer than one term after that to which the process was returned executed.
1. The next error assigned alleges that it was erroneous to decree in favor of the complainants below, without proof of their right or the allegations of the bill. We cannot sustain this exception. The process of attachment was anciently the mode of procedure to compel an answer ; but now, the bill may be taken as confessed, after remaining the length of time required by law, and ever since this practice the bill may be taken as true and the matter thereof decreed. If taking a bill pro confesso does not authorise the chancellor to go thus far on the bill alone, we cannot ascertain the meaning of taking a bill as confessed, nor discover any advantage arising to the complainant, in permitting him to do so.
2. The next assignment of error questions the power of the court below to decree the value or the hire of the slave, according to its own computation, without the intervention of a jury or some other mode of liquidation. In this we cannot concur with the counsel of the plaintiff in error. Whatever ought to be the mode of liquidating uncertain sums, in cases where the legislature has transfered to the chancellor jurisdic *99 tion of controversies strictly legal, we have no doubt, that in all cases purely equitable, the chancellor may ascertain and fix, without resorting either to a jury or commissioners, all uncertain sums to be adjusted between the parties, as was decided by this court in the case of Head’s heirs vs Head’s administrators. And there cannot be a doubt, but that the settlement and liquidation of intestates’ estates, is a matter of equitable jurisdiction.
The security in an administration bond is bound for the legal distribution of slaves by the administrator, notwithstanding slaves have been declared to be real estate.
It is also alleged that the estimate of value and hire is excessive. To this we answer that the value is not beyond the amount stated in the bill and the hire is less ; and this bill was the data, on which the court below proceeded, and as the defendants did not gainsay it, we perceive no error in adopting that sum.
3.The next assignment of error questions the propriety of the decree, in subjecting the security of the administrator to the decree, because the bond does not make him liable for distribution.
If this assignment of error is predicated on the supposition that the words goods, chattels and credits, used in the bond, does not include slaves, we cannot sustain it. Slaves, by nature, are chattels, notwithstanding all statutory provisions declaring them real estate. Such provisions may require the same rules and principles which govern real estate to apply to them, yet many of those which govern chattels also apply, and sometimes in our statutes they must be understood as included in the terms goods and chattels. Such has been the determination of this court with respect to the statute of frauds. Anterior to our separation from Virginia, slaves had been, at one period in that government, held and treated as chattels, and during that period the condition of the bond of an administrator existed, using the same language with our present act, which is pursued in this respect by the bond in question. We cannot, therefore, conceive that the statutory declaration, that they were real estate, excluded them or designed to exclude them, from the bonds of the administrators, and to leave them not secured by such bonds, especially when they are by the acts which make them real estate, still declared to be assets in the hands of administrators, and their distribution still to be made in the same manner. In this, the legislative intention is shewn, that the bond *100 should still secure them, and that the security of an administrator should be still responsible for them, in case they were improperly administered.
If the condition of an administrator’s bond does not provide for his distributing the surplus among the heirs, the security in such bond is liable to no suit by the heirs ; but the administrator is himself liable to the same extent he would have been, if the bond had conformed to the law.
4. But the condition of this bond is defective and does not pursue the statute which gives the form. It leaves out the last clause which secures the interest of the distributees, and only binds the administrator to administer. As the term administer does not, according to previous decisions of this court, include the interest of the distributees, the security is consequently not bound to them, and the decree as to him is wholly erroneous. This objection, however, cannot avail the administrator himself. He is bound in equity, notwithstanding the defect in the bond.
It is objected that the decree is erroneous as to him, in being absolute, and not securing to him the right of bond and security, to refund due proportions of debts, and the costs attending their recovery, and the bond tendered, and filed is insufficient for that purpose.
By an attentive examination of the bond filed, it will be perceived that it does pot comply with what the statute requires. It does not secure a proportion of the costs which might attend the recovery of debts subsequently appearing. Besides, it is given for one heir only, and attempts to indemnify the administrator for paying the estate entirely to him as sole distributee. Such a bond the administrator was not bound to take, and the court erred in decreeing the estate absolutely, without securing to the administrator such bond or bonds, if required, as the law prescribes. As the decree in this respect must be corrected, we notice also another impropriety in decreeing current interest on the price of the slave. As hire was given, interest, and especially current interest, ought not to have been given.
The decree must, therefore, be reversed with costs, and directions to dismiss the bill as to the security, with costs, and to render such decree against the administrator as may he conformable to this opinion.