Mr. Justice Trottee
delivered the opinion of the court.
It is believed to be a universal principle that no man ought to be bound by a judgment where he has had no notice of the proceedings, or any opportunity to defend himself. To hold otherwise, would be contrary, as we conceive, to every maxim of justice. Express notice is not necessary in all cases, and the law sometimes suffers constructive notice to be quite as effectual. Thus, under the statute law of this state, which makes the service of .a capias ad resp. good, if left at the residence of the defendant in his absence, permits that to bind as good constructive notice. And yet in a case where the defendant was at the time of this kind of service actually out of the state, and continued so until after judgment had been rendered against him, there can be no doubt that a court of chancery has power to relieve him, upon a sufficient showing of merits, and that the judgment is unjust. The order of the judge in vacation for a special term is a fact which cannot be presumed to come to the knowledge of all the suitors in the court, and in a case like the present, where the party was distant near fifty miles from the seat of the court, and in another county, it would be highly unjust to hold him bound at all events to know a fact of which he might or not be apprised, according to circumstances. He might well be taken by surprise, as he has stated in the bill. Had the cause been tried at a regular term, the case would be different. We are clearly of opinion, therefore, that the reasons offered in the bill for not defending the suit at law are sufficient to entitle the complainant to a new trial. 2 Atkyns, 378, 330.
This is all that the bill prays, and we therefore think that the decree was proper. No account was prayed. The bill simply asks, and the decree only grants a new trial of the suit at law.
The decree was properly made final, on the taking of the pro confesso order. This power seems to be explicitly conferred upon the chancellor by the statute of the state. And when the subject is of a character which renders no account necessary, the decree may be final, as in this case. There was no necessity of taking proof of the allegations of the bill; the pro confesso admitted them. 1 Littell, 97. Let the decree be affirmed.