Judge Ewing
delivered the opinion of the Court
— Judge Marshall did not sit in this case.
Thomas Hughes, as commissioner, appointed by a decree of the Bourbon Circuit Court, on a petiti&n, under the statute,made for that purpose, sold the interest of his children in a tract of land, on the 13th of February, 1824, for twenty seven hundred and eighty seven dollars, seventy five cents, payable in two instalments pf twelve and eighteen months; and Samuel Patterson became the purchaser, and executed bond, with Osborne Plenley as his surety. There were seven children, having each an equal interest in said land.
While the petition for a sale was pending, in the name of said children, and after the decree, but before the sale, two of said children, Gabriel and William, arriving at age, .sold their interest in said land — the former to Standeford, and the latter to Allen, and deeds of conveyance for the same, were duly executed and recorded. Said *286 deeds recited the pendency of said petition, and the decree thereon, and the appointment of Hughes as commissioner to make sale thereof; and expressly provide, that said vendees are to stand in the place and stead of the said vendors, and are to receive their proportions of. the sale money.
By decree, upon petition, the estate of infant heirs is directed to he sold. After the decree, and before the sale, two of the infants, having become of age, sell and convey their respective interests — reciting the proceedings and decree, and stating that the purchasers were to take their places, and to have their proportions of the sale money. The commissioner afterwards sells the whole land — the previous sale by the two heirs being known to him, and the purchaser from them assenting to the sale. The deeds of the two heirs, so made, passed nothing in the land itself — hut only their right to shares of the proceeds of the com’r’s sale.— This rightpassed to the personal, representatives of their vendee, upon his death, 8/- his heirs were not necessary parties to a suit for its recovery.
*286 Thomas Hughes had actual notice of said sales by-Gabriel and William. And after collecting the first instalment, under some pretence of indebtedness on the part 'of said Gabriel and William to him, took an acquittance from them, for their portions of the sum collected,, as well as the instalment to be collected-
Allen having transferred his interest to Standeford,. and he having died, his administrators file their bill against Thomas Hughes’ administrator and his sureties in the bond as commissioner, and against Patterson and his surety, and Allen, and the said children of Plughes, interested in said sale; and a decree was rendered h> their favor against Hughes’ administrator, and his sureties in said commissioner’s bond, for three hundred and ninety eight dollars, twenty five cents, with interest thereon at the rate of six per cent, per annum from the 13th day of February, 1825, till paid, together with costs, out of any assets in the hands of the administrator, subject to a credit for said Gabriel and William Plughes’ equal share of costs, &c. expended in effecting a sale of said land. And that Patterson and Henley pay to the complainants the sum of three hundred and ninety eight dollars, twenty five cents, with interest from the 13th of August, 1825, till paid.
The first question presented upon this record, is — are-the heirs of George Standeford necessary parties? We think not. The deed from Gabriel Plughes to him, was made after the decree for the sale of the land, but before the sale was made; so also, was the deed from William, Plughes to Allen; and the interest of Allen in the proceeds of the sale was transferred by Allen to Standeford, after the sale. Though the deeds to Standeford and Allen, per forma, transfer the legaHitle to them, yet the title, by the wording of the deeds, is vested, subject to the decree for a sale, and clearly imports the assen-t *287 of Standéford and Allen, that the sale was to go on, by the commissioner, in the same manner as if no transfer of the legal title were made to them, and the title was to vest in the purchaser, by the sale and conveyance to him by the commissioner; and Standéford and Allen were each to have the one-seventh part of the money arising therefrom.
An executor or adm’r, failing in his suit, fairly brought, is not liable for costs.— Against an ex’r or adm’r deft, the same judgment or decree is to be given for costs, as is given for the demand sued upon.
The Chancellor, in decreeing interest, should follow the practice in suits at law. Where the demand is of such a nature, that a judgment at law upon it would he for the debt with interest till paid, the decree may be to the same effect. Where the judgment at law would he for a sum in gross (as in assumpsit,) it is error to decree current interest.-
The assent to the decree and to the proceedings under it, 'which were to take place, are clearly expressed in the deeds, and may be regarded as imparting as complete authority to the commissioner to go on and complete the sale, as if a direct authority had been given. Besides, Standéford stood by when the sale was made,encouraged bidders, and used active means to effect an advantageous sale.
The sale and conveyance having been made by the commissioner, under those circumstances, in the lifetime of Standéford, the only claim which he had at his death, was a claim for the money — the proceeds of the sale, which passed at his death to his personal representatives, and not to his heirs. They were, therefore, not necessary parties.
Second. We recognize no error in the decree for costs against the administrator of Hughes, to be levied of tire assets in his hands. Though an executor, or administrator plaintiff or complainant, who fails in a suit without his fault, brought in his fiduciary character, upon a •promise made to the decedent, is not liable for costs, yet, it is well established that an executor or administrator defendant is liable for costs, to the same extent that Ire is liable for the debt of the decedent, to be levied out of the assets in his hands. 1 Lit. Rep. 395, Lot vs. Parrish's Executor; 1 J. J. Marshall, 366, Scroggin's Administrator vs. Scroggin.
Third. But the decree is erroneous in giving to the complainants accruing interest after its rendition, against the administrator of Thomas and John Hughes, and George Hughes, the surviving surety. When a Court of *288 Law would give judgment for current interest, if such court had jurisdiction of the case, a Court of Equity may, and ought generally, to give it. For, as a Court of Law would give its judgment for the aggregate amount of principal and interest in damages, which would not bear interest, so the Chancellor should decree in parallel cases. 3 Marshall, 482, Samuel vs. Minier; 485, McAlexander vs. Lee; 1 Lit. Rep. 100; 3 J. J. Marshall, 654; 6 Monroe, 170.
Could a suit have been maintained at all at law, in the names of the complainants against the administrator of Thomas Hughes, it must have been an action of assumpsit, for so much money had and received by his intestate, for the use and benefit of the complainant’s intestate; in which a recovery would have been had, for the aggregate amount of principal and interest, in damages, which would not have carried accruing interest.
Fourth. It also appears that Susan Bledsoe, one of the seven children, who were interested in the proceeds of the sale of said land, was never served with process, and did not appear to said bill. She is a necessary party to the same.
For the two last errors, it is decreed by the Court, that said decree be reversed, and remanded, and proceedings be had not inconsistent with the principles here settled.