Wooldridge, Adm'r. of McDonald vs. Draper, Adm'r. of McDonald.

WOOLDRIDGE, Adm'r. of McDONALD vs. DRAPER, Adm'r. of McDONALD.

1. The general rule of law, as to the liability of executors and administrators for costs, is, that where the cause of action accrued to the testator or intestate, in his lifetime, there, the administrator or executor, sueing and failing to recover, is not liable for costs *de bonis propriis;* the judgment for costs will be *de bonis testatoris;* but where the cause of action accrues to the executor or administrator, and he sues and fails to recover, he shall pay costs himself.

2. The right of an executor or administrator, to make application to the probate court, for an allowance of such costs as he may have to pay, provided he can satisfy that court, that

Wooldridge, Adm'r. of McDonald vs. Draper, Adm'r. of McDonald.

the suit was not wantonly or improperly commenced and prosecuted, as well as the construction of our statute concerning costs in such cases, are questions left open for future consideration.

## APPEAL from Johnson Circuit Court.

### STATEMENT OF THE CASE.

Appellant, administrator of Rachel McDonald, commenced a civil action in the Johnson circuit court against Isaac McDonald, since deceased, the object of which was to recover the worth of two negro slaves and their hire from the first of December, 1847. The petition alleges that said decedent, Rachel McDonald, died seized and possessed as of her own property of the said two slaves, and that Isaac McDonald, after the death of said Rachel, converted the said slaves to his own use.

McDonald filed an answer to said petition, denying all the material allegations of the petition and claimed said negroes as his own.

· Before the final trial, in the Johnson circuit court, Isaac McDonald departed this life, and the county court of Johnson county appointed the appellee, Draper, administrator of the estate of Isaac McDonald. Draper took upon himself the burden of administering the estate of said McDonald and was duly made a party to this action, and adopted the answer of McDonald. At the October term of Johnson circuit court, this cause came on to be tried and was submitted to a jury. The jury found a verdict for the appellee. The appellant then moved to render judgment, on the verdict of the jury, against him for costs in his representative capacity as administrator, which the court refused to do, and rendered judgment against the appellant de bonis propriis; and thereupon appellant prayed an appeal from said judgment for costs, which was granted, and the cause comes here by appeal.

As no motion for a new trial was made; no bill of exceptions filed and no evidence preserved, the only matter on the record, that can be drawn in question in this court, is the propriety of the judgment of the court below, in rendering judgment for costs against the appellant de bonis propriis instead of de bonis testatoris.

HAYDEN, for appellant.

1. The property sued for would have been assets in the hands of the administrator, Wooldridge, if recovered, and being bound to sue for it in his representative capacity, he is not liable to costs, and, therefore, the circuit court erred in adjudging the costs against him: 4 Tenn. Rep. 280, 281: Cockerill and wife ex'r. of Moody vs. Kynaston.

2. If it be denied that the rule is as broad as I contend for in my first point, still it must be conceded as law, that where the plaintiff must sue in his representative capacity for the injury complained of, to obtain redress, costs cannot and ought not to be adjudged against him. In this case there is no pretence for saying that the plaintiff could have sued for the slaves in his own right or individual capacity. For it is shown by the petition and by the admissions in the defendant's answer, that the conversion of the slaves took place long anterior to the time when plaintiff became administrator of the estate of Mrs. McDonald: Goldthayte and wife ex'r. vs. Petrie, 5 T. Rep. 235-6; 7 Tenn. Rep. 358; 11 John. Rep. 403, adm'r. of Tilton vs. Williams, 6 Tenn. Rep. 654-5-6: Higg's adm'r. vs. Marry, 3 Monroe Rep. p. 17: Holley's adm'r. vs. Christopher, 6 Monroe 410; 1 Mo. Rep. 490,8 ibid 38; 4 Cowen Rep. 87, 88, 89; 3 Dana Rep. 157, 158, 287; 18 Wendell Rep. 635, 636; 3 Dana Rep. 315; 2 East Rep. 398-9; 2 J. J. Marshall 501; 2 Bosanquet & Puller 255-6; 1 Bos. & Puller, 445-6

Wooldridge, Adm'r. of McDonald vs. Draper, Adm'r. of McDonald.

Toller's Law ex'rs. 349; 4 T. R. 280-1; 5 Wendell, 91; 2 John. 377; 2d. Vol. Bac. Abr. 46, 47, 48; 1 Salkeld's R. 207-8: 4th Bac. Abr, 100; 7th Art. New. Code, secs. 5 and 12; same Code article 19 section 18.

HICKS, for respondent.

1. By the law concerning costs in civil actions, or proceedings of any kind, the party prevailing, shall recover his costs against the other party, except in these cases in which a different provision is made by law: Section 6, 1 Art. Revised Statutes of Missouri, 1845, page 224, Title "Costs."

2. There is nothing in the law concerning administrators, or elsewhere in the laws of Missouri concerning costs, to be found that exempts administrators from the general law of costs.

3. In this cause, the appellant brought his petition for a cause of action that accrued after the death of his intestate, and is liable for costs: 16 Mass. R. 530; Brooks vs. Stephens, 2nd Pick. 68; Healy vs. Root, 11 Pick. 389; Ketchum vs. Ketchum, 4 Cowen, 87; Pugton vs. McKinney, 3 Dana, 314; 1 J. J. Marshall, 499; 2nd J. J. Marshall, 396; 3 Monroe, 17; 5 Term Rep. 129.

RYLAND, J., delivered the opinion of the court.

The question as to the liability of the administrator, Wooldridge, for the costs of the suit below, is the only one for the consideration of this court. The general rule of law upon this subject is, that where the cause of action accrued to the testator or intestate in his lifetime, there the executor or administrator suing and failing to recover, is not liable for costs *de bonis propriis*; the judgment for costs will be *de bonis testatoris*. In suits brought by an executor or administrator upon contracts made with the testator or intestate in his lifetime, the same rule prevails.

But where the cause of action accrues to the administrator or to the executor and he sues and fails to recover, he shall pay costs himself. The powers and duties and rights of an administrator or executor relate back to the death of the intestate or testator. All causes of action accruing after the death and before letters testamentary or of administration have been taken out, are nevertheless causes of action accruing to the executor or administrator; and in such, if he fail to obtain judgment, the defendant is entitled to judgment for costs against him in his personal character.

In the case of Goldthwayte and wife vs. Petrie, 5 Term Rep. 234; 5 Lord Kenyon, Chief Justice, delivered the opinion of the court after stating the case. "In general, it is an established rule (said his Lordship) that where an action is brought by an executor, as executor, for transactions arising in lifetime of the testator, he is not liable to pay costs though he fail in the action. But in this case, (he continued) it was not necessary to name the wife as executrix; she might have brought the action in her own right, for it is stated in both counts that the money was received and the promises made by the defendant

after the testator's death. We have looked into the authorities, which we find have settled this point and which decide that the plaintiffs in this case are liable to pay costs." In the case of Tattersall vs. Groote, 2 Bos. & Pull. Lord Eldon Ch. J., said, "after looking into all the cases, we are of opinion, that if the cause of action arose in the time of the administratrix, and if it was not absolutely necessary for her to sue in her character of administratrix, she will be liable to costs. Some cases are to be found in which the simple fact, that the cause of action has arisen subsequent to the death of the testator or intestate, has been held sufficient to subject the executor or administrator to costs. But on a review of the cases, we think that the sound doctrine to be collected from them is, that if the executor or administrator must sue as such on the contract made with the testator or intestate, he is not liable to the payment of costs, though the cause of action arose after the death of the testator or intestate." In Bigland vs. Robinson, 3 Salkeld, 105, it is laid down that wherever an executor or administrator must sue as such, as for instance, where he brings debt on bond due to his testator, he shall not pay costs. In Nicholas vs. Killegrew, 1 Lord Raym. 437, it was agreed that it is not to any purpose for a plaintiff to name himself executor where he ought not so to do, but that if he ground his action upon the same contract, that was to the testator, he shall not pay costs, if he fail in the suit.

In Ketchum's executor vs. Ketchum, 4 Cowen, 87; the court stated the rule to be, that where an executor or administrator unnecessarily sues in his representative character; that is, where he might have brought the action in his own name, if he is non-suited or there be a verdict against him, he shall pay costs, (5th Term Report 234-5.) The mere change of the form of the action shall not protect him.

The court, in this case, refers to many decisions upon this subject, and makes a distinction between an entire and a partial cause of action arising after the testator's death. "And there is reason in such distinction, (says the court.) In the former case, the executor knows, or ought to know, the merits of the cause, and should be holden to sue upon the peril of costs. In the latter case he cannot understand the whole subject; and therefore the law holds him to no more than his own expenses."

It is not thought necessary to mention other authorities on this subject, as the law is generally understood as laid down by those already quoted.

In Massachusetts, the executor and administrator suing and failing to recover is liable to pay costs in all cases, and then he may apply to the probate court to have the costs allowed to him, provided such court be

made satisfied that the facts are such as will authorize the allowance thereof against the estate of which he is such executor or administrator.

The cases of Frogg's executors vs. Long's adm'r., 3 Dana 157 and 8; Hughes' adm'r. and heirs and others vs. Standeford's adm'rs., 3 Dana 287; and Peyton's adm'rs. vs. McDowell and Kenny are all upon contracts and transactions had with the intestates in their lifetime, and are within the views above set forth in this opinion. The case of Maupin and wife vs. Goodloe, in 6 Monroe 410, is not very clearly reported as to the costs. It was a proceeding, however, by Maupin and wife as administrators of James Swaney, deceased, and the will of said Swaney came before the court for interpretation. It may therefore be considered as one of the cases included in the above rule of suing on transactions arising in such manner, that they were bound to sue in their fiduciary character.

Now apply the principles and doctrine of the above cases to the one before us, and it will be seen, that the court below did right in giving judgment for costs against the plaintiff *de bonis propriis*.

The plaintiff's petition avers, that his intestate died seized and possessed of the negroes sued for as of her own property. Consequently, he shows that the cause of action, if any, arose after the death and against his right as her administrator. His action is not founded on any contract with his intestate in her lifetime, nor on any injury done or committed to her or her property in her lifetime. It arises entirely after her death, from his own showing in his petition.

Without resorting to our statute or saying how far its general provision, as set forth in the brief of the appellee's counsel in this case, respecting costs, is to operate and control questions of this nature, arising on suits by executors and administrators, it is clear that upon the general doctrine, the court below decided properly by ordering the costs to be taxed against the plaintiff in his own right. We will not be understood as saying any thing to bar the plaintiff's right to make application to the probate court for an allowance of such costs as he may have to pay; provided he can satisfy that court that the suit was not wantonly or improperly commenced and prosecuted. This question, as well as the construction of our statute concerning costs in such cases as this, are left open for future consideration.

There is no error in the judgment of the court below, and the other judges concurring, its judgment is affirmed.