WM. C. RANNEY, ADMINISTRATOR OF EDWARD WALLS, Respondent, *v.* ELIJAH THOMAS *et al.*, Appellants.

1. *Practice, civil — Actions — Replevin — Testimony as to value of property — Dismissal of suit, when allowed.* — Plaintiff in a replevin suit will not be allowed to dismiss his suit before the hearing of testimony as to the value of the property delivered to plaintiff. (Berghoff v. Heckwolf, 26 Mo. 512.)
2. *Practice, civil — Judgment — Exceptions, when to be taken.* — When no exception was taken to the acts or rulings of court prior to judgment, it is too late to initiate objections to such acts or rulings afterward.
3. *Practice, civil — Actions — Replevin — Administrator — Judgment against, how levied.* — Where plaintiff brings suit in replevin as administrator, and judgment is rendered against him, it should be entered against him in his official character, to be levied out of the testator or intestate.

*Appeal from Second District Court.*

*Brown & Gilroy,* for appellants, cited 19 Mo. 642 ; 20 Mo. 276 ; 21 Mo. 437, 443 ; 31 Mo. 502, 532 ; 24 Mo. 524 ; 33 Mo. 577 ; 37 Mo. 338 ; 33 Mo. 405 ; 30 Mo. 620 ; 8 Mo. 234, 656 ; 14 Mo. 367 ; 26 Mo. 122 ; 25 Mo. 415 ; 9 Mo. 351 ; 18 Mo. 103, 106 ; 31 Mo. 257 ; Collins v. Hough, 26 Mo. 152 ; 30 Mo. 357 ; Berghoff v. Heckwolf, 26 Mo. 514.

*Jones & Davis,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

This is a replevin suit.　Under an order of the court the property in dispute, or a portion of it, was taken from the defendants and delivered over to the plaintiff.　In the progress of the case a demurrer to the petition was sustained.　Leave to file an amended petition was thereupon granted, but no further petition was ever filed, and the plaintiff subsequently moved the court to dismiss the suit.　This, however, in that stage of the proceedings, was not allowable.　(Berghoff v. Heckwolf, 26 Mo. 511.) The court, therefore, without, so far as appears, taking any action upon the plaintiff's motion to dismiss, proceeded to hear evidence in regard to the value of the property which had been delivered into the hands of the plaintiff, and to assess the defendants' damages.　The hearing resulted in a judgment, which was entered of record against the plaintiff *de bonis propriis*—that is, as a judgment to be satisfied from his own property.　After judgment the plaintiff submitted a motion for a new trial, which was overruled.

Various reasons are therein assigned for setting aside the judgment.　But it was too late to initiate objection to the prior acts and rulings of the court which are complained of in the motion. (Dozier v. Jerman, 30 Mo. 220.)　No exception had been taken to any action of the court prior to the judgment.　No declarations of law were either asked or given, nor was any part of the testimony preserved in the bill of exceptions.　The case is barren of points available to the plaintiff, in this court, as respects

the acts and rulings of the court prior to the entry of judgment. But it is objected that the judgment itself is erroneous, as being rendered against the plaintiff *de bonis propriis*, whereas it should have been *de bonis testatoris*—that is, a judgment against the plaintiff in his representative character, to be satisfied out of the assets of the intestate. This point is well taken. The plaintiff was suing in his representative character, and the adverse judgment against him should have been entered a's though he had been sued in that capacity. There are exceptions to the rule, as in cases of *devastavit*; but ordinarily, where an administrator sues or is sued in his official character, the judgment should be entered against him in the same character, to be levied out of the assets of the testator or intestate. (Bingham on Judgments, 89 in 11 Law Library, 37; Laughlin v. McDonald, 1 Mo. 684; Finney v. State, to use, etc., 9 Mo. 225.) The error in the judgment, however, is susceptible of correction. Therefore, the judgment of the Cape Girardeau Court of Commons Pleas and of the Second District Court are both reversed; and this court, proceeding to enter up such judgment as the Common Pleas Court ought to have rendered, directs a judgment *de bonis·testatoris* against Ranney, the original plaintiff. Costs will be taxed and allowed the same as though the judgment of the District Court were affirmed. The other judges concur.