————o————

STATE OF MISSOURI to the use of ISAAC HUNTER, Adm'r *de bonis non*, of estate of ROBERT B. HILL, deceased, Plaintiff in Error, *vs.* L. W. MAULSBY, *et al.*, Defendants in Error.

1. *Administrators, suits by—Personal judgments—Contracts by administrators and their sureties—Sess. Acts 1865–6, p. 85—Probate Court, jurisdiction of.*—A. as administrator *de bonis non* of B. sued C., the former administrator of D. and his sureties on his official bond, for breaches made of said bond by C. The case was dismissed and judgment rendered against A. personally for costs. *Held*, that this case was not embraced under Sess. Acts 1865–6, p. 85, giving Probate Courts exclusive jurisdiction to hear and determine all suits and other proceedings instituted "against executors and administrators, upon any demand against the estate of their testator or intestate," and that a personal judgment against A. was not proper, inasmuch as he sued in his representative capacity.

*Error to New Madrid Circuit Court.*

*Louis Houck*, for Plaintiff in Error.

I. This is not a " demand against an estate," but a demand in favor of an estate ; and hence, this cause does not fall within the words of Sess. Acts, 1865–6, p. 85.

The Circuit Court based its decision upon Dodson vs. Scroggs, 47 Mo., 285, but that case does not go so far.

II. The judgment should have been against the administrator as such. (Ranney vs. Thomas, 45 Mo., 111.)

*R. A. Hatcher*, for Defendants in Error.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the New Madrid Circuit Court on the bond of defendant, Maulsby, as administrator of the estate of Robert B. Hill, deceased, and the other defendants as his sureties thereon.

There is no question raised in the record of the case, as to the sufficiency of the petition, provided the court had jurisdiction.

The defendants appeared and filed their motion in the court below to dismiss the suit for the reason, that the Circuit Court of New Madrid County had no jurisdiction of the cause. The motion is as follows :

" Defendants move the court to dismiss this cause for the reason that this court has no jurisdiction of said cause, the jurisdiction being in the Probate Court."

This motion was sustained by the court and final judgment rendered against the plaintiff, which judgment was a personal judgment rendered against Isaac Hunter, for whose use the suit was brought, for the costs.

The only question presented by the parties for the consideration of this court, is whether the Circuit Court has any jurisdiction over the subject matter of the action? The motion to dismiss asserts that the Probate Court of New Madrid County has exclusive jurisdiction over this action.

By the 6th Section of the Act of the General Assembly, establishing Probate Courts in certain counties, in which the County of New Madrid is included, (Session Acts, 1865-6, p. 85,) it is provided among other things, that the Probate Court of New Madrid County shall have exclusive jurisdiction in said County " to hear and determine all disputes and controversies between Masters and their Apprentices ; to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the

estate of their testator or intestate, subject to appeal in all cases to the Circuit Court in such manner as may be provided by law, etc."

The case under consideration is neither a suit nor proceeding instituted against an executor or administrator upon any demand against the estate of his testator or intestate.

The suit is commenced against living men to recover a personal judgment against them for the breach of a contract entered into by them, and is clearly not within the provisions of the Statute above referred to.

It has been suggested, that the court below relied on the decision in the case of Dodson, Adm., vs. Scroggs, Adm., 47 Mo., 285, as authority in the case. It will be seen by an examination of that case, that it has no similarity to the case now being considered. In that case Scroggs was the administrator of the estates of Scott and Rector, and as such administrator he was sued for the breach of a bond which had been executed by Scott and Rector when living.

The suit in that case was a suit against an administrator to recover a demand against the estates of those he represented, and came exactly within the provisions of the Statute, and it was properly held, that the Circuit Court had no jurisdiction.

It is also insisted by the plaintiff in error, that the court erred in rendering a personal judgment against Hunter for whose use the suit was brought. This objection is also well taken. This suit was brought by Hunter as administrator in his representative capacity; in such case, if judgment was rendered against him, it should have been against him in his representative capacity to be levied of the effects of his intestate. But if there were no other errors in the case, the judgment in that respect might be corrected here. (Ranney, Adm. vs. Thomas, 45 Mo., 111.)

As this case must be remanded for a re-hearing, it will not be improper to remark that the petition in this case is very inartificially drawn, and would perhaps be held bad on demurrer. It is nowhere averred in the petition, except by inference, that defendant Maulsby was appointed administrator

of the estate of Hill,, or that he ever qualified as such, and the obligations of the bond sued on are very imperfectly stated ; but no objection was made to the petition in the Circuit Court, and we will not notice it further.

The judgment will be reversed and the cause remanded. Judge Sherwood absent; the other Judges concur.