M. D. LEWIS, ADMINISTRATOR, Respondent, v. F. X. Mc-CABE, ADMINISTRATOR ET AL., Appellants.

January 20, 1885.

1. ADMINISTRATION — COSTS. — An estate can not be charged with the costs of a proceeding begun by one whose administration of the estate was wholly without authority and void.

2. —— One who, without legal authority, sues as administrator and fails to recover, is liable for the costs *de bonis propriis.*

3. —— COMPENSATION. —— An administrator's compensation is not necessarily confined to the statutory commissions.

4. —— JUDGMENTS —— RECEIVER. —— An order appointing a receiver to take charge of property until the further order of the court, is not a final judgment.

APPEAL from the St. Louis Circuit Court, HORNER, J.

*Reversed and remanded, with directions.*

E. T. FARISH, for the appellants.

W. L. SCOTT and E. M. McGINNIS, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff as public administrator of the city of St. Louis, undertook to act as administrator of the estate of W. J. Maynard, who died in New Orleans in the year 1867. In that capacity the plaintiff prosecuted a suit which had been commenced by his predecessor in office, against the legal representatives of Catherine O. Long, deceased, for an alleged waste and conversion by her in her lifetime of valuable property of Maynard's, in the city of New Orleans after his death. He obtained a judgment in the circuit court, which was affirmed by the court of appeals, and was thereupon taken by appeal to the supreme court. Pending this appeal, the plaintiff, assuming that his judgment would be again affirmed, instituted the present proceeding in the nature of a bill in equity against Catherine Long's representatives, for the appointment of a receiver to take charge of and preserve certain real estate in their possession, so that it might be available for the ultimate satisfaction of his claim. This application was granted in May, 1879, and the defendant McCabe, who had become administrator of Catherine Long's estate, was appointed receiver, giving an approved bond in the sum of $5,000. He took the property into possession, collected rents and made settlements, etc., until some time in the year 1883, when the property was surrendered to the parties from whom it had been taken.

The supreme court, however, reversed the plaintiff's judgment on the ground that his administration of Maynard's estate was wholly without authority and void from the beginning, that the claim sued upon was not an asset of that estate, but was, if available at all, a right vested in its distributees, who alone were competent to sue for its enforcement. There were, outside of this claim, no assets, real or supposed, of the estate of Maynard.

After the determination of the cause in the supreme court the defendants moved in the circuit court for a dismissal of the present proceeding and a taxing of the costs against the plaintiff *de bonis propriis*. The court sustained the motion as to dismissal and, overruling it in the matter of costs, directed that the costs be taxed against the plaintiff *de bonis testatoris*. From this order the defendants appealed.

An insuperable difficulty in the way of sustaining this judgment appears in the fact that it directs the plaintiff to make disbursements from a fund which is not his and which was never under his lawful control. It is like commanding A to make a transfer of the property to B without B's concurrence. It is fundamental that no valid judgment can be rendered against any person or thing, when such person or thing is not properly before the court. The estate of Maynard was never in court for any purpose. According to the decision of the supreme court it was not represented by the plaintiff, who could no more bring it into litigation than he could the property of any stranger, without a shadow of authority from its owner. It makes the case neither better nor worse that the estate was valueless. If it had been worth thousands it could never have been made the object of a judgment wherein it was not represented by any person authorized to appear for it. This is conclusive against the propriety of the action of the circuit court, but some other considerations are not less so.

It is settled law in the case of a rightful administrator,

that upon his failure to sustain upon the merits a suit brought by him on a cause of action which arose after the death of his intestate, he must be taxed with the costs *de bonis propriis.* *Woolridge* v. *Draper,* 15 Mo. 470 ; *Ross* v. *Alleman,* 60 Mo. 269. With how much greater emphasis should the rule be enforced when the party begins a litigation not only without justification in the merits of the cause, but also without personal authority to sue upon a just demand.

This record shows that, after the judgment in the supreme court, the defendants moved there for a taxation of the costs against the plaintiff, *de bonis propriis,* upon the specific grounds that the plaintiff was not legally in charge of the estate of Maynard, and that the cause of action, if any, arose after Maynard's death. The motion was sustained, manifestly on those grounds. They are the same grounds upon which the present proceeding was dismissed by the circuit court, in proper deference to the views of the higher tribunal. The ruling of the supreme court as to the necessary effect of those grounds upon the taxation of costs is a controlling precedent, brought to our attention on the face of the record, and we are bound to follow it to the same conclusion. When this cause was dismissed the plaintiff became the losing party, and there is therefore not the slightest difference in controlling principles between the two cases. The authorities cited, touching a discretion in allowing costs on motions, have exclusive application to discriminations between the adverse parties. They have nothing to do with the question arising when an administrator, as the losing party, becomes liable for costs, whether he shall pay them out of the estate or out of his own pocket. On that question the law is settled, and there is no such discretion.

We can not occupy space in discussing all the points raised for the plaintiff. As to many of them it is difficult to believe that learned counsel really expect us to find in them any

persuasive force.    For instance, quite a number of arguments are based on the preliminary assumption that the case before us was a proceeding instituted to aid the probate court in an enforcement of its order which commanded the devisees of Catherine Long to surrender the lands in their possession to McCabe as administrator of her estate, and thus to place in his hands assets which he was otherwise unable to control.    And yet there is not a line in the record intimating that any such application was offered, or that any order of the court was directed to such an end.    The petition asks for the appointment of *a receiver*, who will, of course, when appointed, be under the exclusive control of the circuit, and not of the probate court.    It is a mere coincidence that the man who held the position of administrator was also invested with the office of receiver.    The court might have appointed any other person to be receiver, in perfect accord with the prayer of the petitioner and with the purposes of the suit.    McCabe as receiver and McCabe as administrator were as distinct in rights, duties, responsibilities, and titles to compensation for services rendered as if the two characters had been borne by different individuals. The plaintiff strangely insists that the compensation allowed by the circuit court to the receiver should be diminished by the amount awarded to the administrator by the probate court.    If it were true that the administrator's commissions of five per cent covered his entire right of compensation for the management of real estate and the performance of all other duties, this would not curtail the circuit court of its exclusive jurisdiction to compensate the receiver, however it might take into equitable consideration, in fixing the amount, any other emoluments enjoyed by the same party from correlative sources.    But it is not true.    The statute allows extra compensation to administrators for services similar to those here performed by the receiver.    *In re Handfield's Estate, ante*, p. 332.    Nothing in this record furnishes a proper basis for any revision of the circuit

court's discretion in fixing the amount of the receiver's compensation.

Counsel for the plaintiff erroneously assume that an entry of record in the circuit court on February 25, 1880, was a final judgment, and argue hence that all the subsequent proceedings in this cause, including the allowance to the receiver, were *coram non judice*, and void. The order there made appointed the receiver, and directed him to take charge of the property described, and to " collect the rents and pay the taxes and preserve said real estate, until the further order of this court." As in all cases of receiverships, the cause continued to be pending for appropriate supplementary orders until the discharge of the receiver. The final judgment was rendered in the dismissal of the cause, on May 19, 1884.

The necessary conclusion may appear to be a harsh one for the plaintiff, who is well known to be a most faithful and efficient public officer. But it is only one of the numerous cases wherein a slight error of judgment may entail graver consequences than the mere ethics of rewards and penalties could ever invoke. There is no need for any doubt that the plaintiff acted throughout with a conscientious zeal in the performance of what he believed to be his duty. But he took upon himself all the risks of the judicial outcome. He set in motion the legal machinery which compelled the receiver and other officers of the courts to perform services for which the law declares they must be paid. The supreme court has said that he did this without any legal justification or authority, and it follows, by all controlling precedents, that he only must bear the loss. The judgment will be reversed and the cause remanded, with directions to the circuit court to tax the costs in conformity with this opinion. All the judges concur.