(5 Misc. Rep. 572.)

RUTHERFORD v. TOWN OF MADRID.

(Supreme Court, Special Term, St. Lawrence County. November, 1893.)

SECURITY FOR COSTS—ACTION BY ADMINISTRATOR.

    In an action by an administrator for negligence causing the death of his intestate, security for costs will be required of plaintiff, where it appears that the estate of decedent would be unable to meet a judgment for costs.

in favor of defendant; Code Civil Proc. § 3271, providing that in an action by an executor or administrator the court may, in its discretion, require security of plaintiff.

Action by Rutherford against the town of Madrid. Defendant moves to compel plaintiff to give security for costs. Granted.

A. R. Harriman and Louis Hasbrouck, for plaintiff.
J. F. Merriman and Charles A. Kellogg, for defendant.

RUSSELL, J. This is a motion by the defendant to compel the plaintiff to give security for costs under the provisions of section 3271 of the Code of Civil Procedure, by which the court may, in its discretion, require the plaintiff to give security. The action is brought by the administratrix of the deceased against the town for negligence causing the death of the intestate, and that negligence consists in allowing a piece of plank or board to remain in the highway, so that, when the wheels of the wagon the intestate was driving struck the object, it caused a jolt, throwing him off from his heavily laden wagon. Except for the special provisions of law applicable to the enforcement of such rights, the parties stand equally before the law,—the one with the right to prosecute, and the other with the right to defend. It is the constant aim of the law to make this equality as perfect as possible, and the special instances of apparent variation are often found, by deeper examination, to be produced in furtherance of that object of equality. It is not equality that the plaintiff or defendant should either of them be compelled to prosecute or defend at a heavier burden than the other, and with a greater risk, apart from that inherent in the cause of action or defense. When a person who has no means of conducting a lawsuit brings one, his liability for costs in case of defeat is fixed, although, perhaps, not collectible. The judgment remains in force against him during his life, and if he afterwards acquires means that judgment may be enforced. It would not do to require a person, simply because he was poor, to file security for costs in an action, which might be impossible; for, while the law wishes to place all on an equality in regard to risk and burden, it still has another distinguished rule, that the courts are always open to the plea of the poorest or the humblest. It has, however, been deemed wise by the legislature to make an exception in regard to security in actions brought by executors or administrators. What should be the principle guiding the discretion of the court in the enforcement of this permission? The counsel in this case have been guided somewhat by hints and suggestions, dropped in various opinions, that the poverty of the estate, combined with an apparent weakness of a cause of action, were the requisites to give the court the discretion to require security for costs. It seems to me that the investigation into the cause of action on such a motion would be, in the vast majority of cases, impracticable. The questions of negligence, especially, could not be tried upon affidavits with any degree of success; and it is the policy of the court to avoid prejudging the merits of an action as much as possible upon contested questions of fact, so that

the trial may come squarely upon the merits, in the manner and form in which actions are tried in courts of justice.

Eliminating, then, this consideration of the merits of the action itself, as disclosed by the statements of the conflicting affidavits, what reasons should move the court? If an action is brought on behalf of an estate which has funds in its hands wherewith to pay the expenses of litigation, the plaintiff and the defendant stand upon an equality of position. If the defendant is beaten, he has to pay the costs of the litigation, and if the plaintiff is beaten the estate has to pay. They stand precisely on the same level. The administrator or executor sues mindful of the risk of having to pay the costs, and has no motive to maintain an action for the purpose of compelling a settlement any further than he has a right to enforce his remedy. In this case, it is the aim of the law that the plaintiff and the defendant should stand on this equality. The defendant, although a town, has as much right as though another person were defendant. If a man of small means, with sufficient property to be able to pay the expenses and costs, were in the place of this defendant, he would have a fair right to say that, in the event of his success, it was unjust that he should be burdened with the payment of the costs of both sides, and should not have that indemnity which the law allows in such cases. It is apparent, in this action, that the estate of the deceased would be unable to meet a judgment of costs, if obtained by the defendant. That estate is therefore suing to create a fund for the benefit of those who may share it, without incurring the same risks of litigation that the defendant does. It is not like the case of a person suing in his own right, for a judgment of costs against it is practically a judgment against nothing. The administrator is not liable personally; the estate is not liable, because it has nothing; and thus the defendant is, in any event, out of pocket, whichever side wins. It is my opinion that the plaintiff, seeking to obtain a large sum from the defendant by aid of a court of justice, should be compelled to at least give that security which the law permits, and that it is in such cases as this that the provisions of the Code are made to apply. As a practical question, I will add that, in a somewhat long practice at the bar, I never yet knew of a case, in which there was manifest justice in a claim, where there were not willing friends, who would stand by, and incur the small risk which such undertakings compel. The order will be that the plaintiff file security for costs in the sum of $250, with sufficient surety. Ordered accordingly.