FRANK WOLF, Administrator, Respondent, v. THE SUN INSURANCE COMPANY OF SAN FRANCISCO, Appellant.

#### Kansas City Court of Appeals, May 2, 1898.

1. **Action:** FOREIGN ADMINISTRATOR: CONTRACT. A foreign administrator as such can not maintain an action in this state on a policy of insurance payable to him as such administrator; but where a contract is made with such administrator he may sue in his own name.

2. ———: ———: ESTOPPEL. An insurance company is not estopped by its contract to pay to one as administrator from showing that he is a foreign administrator and can not maintain a suit in Missouri.

3. **Insurance:** PLEADING: PETITION: OWNERSHIP. A petition on a policy of insurance should allege ownership in the assured.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

FYKE, YATES & FYKE for appellant.

(1) The petition fails to state facts sufficient to constitute a cause of action. Ownership is nowhere alleged. Clevinger v. Ins. Co., 71 Mo. App. 73, and authorities cited. (2) If the plaintiff, "Frank Wolf, administrator," derived his powers from a foreign

jurisdiction he could not maintain this action. Naylor's Adm'r v. Moffat, 29 Mo. 126; In re Estate Ames & Co., 52 Mo. 290; Morton v. Hatch, 54 Mo. 408; McPike v. McPike, 111 Mo. 216. (3) The matter set up in reply does not obviate this objection. Plaintiff is suing, not as trustee of an express trust, but as administrator of the estate of Lena Wolf. (4) Nor is defendant company estopped.

W. C. FORSEE and I. J. RINGOLSKY for respondent.

(1) Any defective or even totally insufficient averment in the petition concerning Rein's ownership of the property is cured by defendant's answers which by necessary implication, admit that plaintiff had an insurable interest. Donaldson v. Butler Co., 98 Mo. 163, 166; Garth v. Caldwell, 72 Mo. 622; Breckenridge v. Ins. Co., 87 Mo. 62, 70, and cases cited; Hughes v. Carson, 90 Mo. 399, 402; Henry v. Sneed, 99 Mo. 407, 424; Bank v. Franklin, 65 Mo. 105; Stievers v. Horn, 62 Mo. 473, 475; Krelling v. Krelling 50 Pac. Rep. (Cal.) 546; Dillard v. McClure, 64 Mo. App. 488; Powers v. Ins. Co., 69 Vt. 494; Overton v. Overton, 131 Mo. 559; Slack v. Lyon, 9 Pick. 62; Bliss on Code Pldg., sec. 437, and cases cited; 1 Chitty, 671; Gould's Pldg., 458; Weaver v. Harlan, 48 Mo. App. 323, and cases cited; Stavinaw v. Ins. Co., 43 Mo. App. 513, 517; Mendenhall v. Levy, 45 Mo. App. 20, 27. The petition does not aver that plaintiff is a foreign administrator. It alleges that he was duly appointed. The presumption would be that he is a domestic administrator. In any event, even if he were suing purely in an official capacity, the averment is good enough after verdict. Naylor's Adm'r v. Moffat, 29 Mo. 128. (2) We may admit that, where the contract out of which the cause of action grows was made with a foreign intestate, a foreign administrator can not, as such,

sue in this state; but where the contract was made directly with the administrator, he may, whether a foreign or a domestic officer, sue on it in his own name. And if he sues as "administrator," in such case the action will be treated as brought by him individually, and the word "administrator" treated as mere surplusage, or *descriptio personae.* Rittenhouse v. Ammerman, 64 Mo. 197, 199; Block, Adm'r, v. Dorman, 51 Mo. 31, 32; Nicolay v. Fritschle, 40 Mo. 67; Mossman, Adm'r, v. Bender, 80 Mo. 579, 584; Cook's Ex'r v. Holmes, 29 Mo. 61, 64; Woodbridge v. Draper, 15 Mo. 470, 472; Hall v. Harrison, 21 Mo. 227. (3) Plaintiff under the contract is a trustee of an express trust. R. S. 1889, sec. 1991; Nicolay v. Fritschle, 40 Mo. 67; Snider v. Express Co., 77 Mo. 523, 526; Chouteau v. Boughton, 100 Mo. 411; State ex rel. v. Horn, 94 Mo. 165; Tittman v. Thornton, 107 Mo. 506; Anthony v. Ins. Co., 48 Mo. App. 65, 70; Buddington v. Mastbrook, 17 Mo. App. 579; Gardiner v. Armstrong, 31 Mo. 535; Bryant v. Durkee, 9 Mo. 169; Durfee v. Morris, 49 Mo. 55; Simmons v. Belt, 35 Mo. 461; Beattie v. Lett, 28 Mo. 596; Linn Co. v. Holland, 12 Mo. 127; Taylor v. Steamboat, 20 Mo. 254.

ELLISON, J.—Plaintiff, as administrator of the estate of Lena Wolf, sued defendant and recovered judgment against it on a policy of fire insurance issued to Louis Rein. The policy had indorsed thereon the words: "Loss, if any, payable to Frank Wolf, administrator, as his interest may appear." Plaintiff's claim is based on the fact that his intestate had a deed of trust on the property insured, given by Rein. The answer denied that plaintiff was the legal administrator of the estate and denied that he was such administrator by virtue of the laws of Missouri and alleged that if he was administrator of said estate he was such by

virtue of the appointment of some other state and that he had not capacity to sue in the courts of this state. There was no proof that plaintiff was administrator under appointment by the laws of this state. And defendant, in consequence, makes the point that its demurrer to the evidence ought to have been sustained. We think the point well made. If plaintiff was a foreign administrator he could not, as such, maintain the action in the courts of this state. Naylor, Adm'r, v. Moffat, 29 Mo. 126; In re Estate of Ames, 52 Mo. 290; McPike v. McPike, 111 Mo. 216.

ACTION: foreign administrator: contract.

The contract sued on here may, for present purposes, be considered the agreement to pay the loss to plaintiff, as administrator (it is so stated in plaintiff's reply). And being a contract made with plaintiff since the death of his intestate he could sue on it in his own name. Rittenhouse v. Ammerman, 64 Mo. 197, 199; Block v. Dorman, 51 Mo. 31, 32; Nicolay v. Fritschle, 40 Mo. 67; Mossman v. Bender, 80 Mo. 579, 584; Cook's Ex'r v. Holmes, 29 Mo. 61, 64; Woodbridge v. Draper, 15 Mo. 470, 472; Hall v. Harrison, 21 Mo. 227.

But the difficulty with the position taken by plaintiff, as applicable to this case, is that he did not sue in his own name. The body of the petition discloses that he sued and seeks to recover in his representative capacity, and hence what he might have done is of no present concern. The reply does not aid plaintiff. On the contrary it emphasises the point against him. It is there alleged that the insurance was made payable to him as administrator. The further statement of the reply that plaintiff was suing as trustee of an express trust, is a mere assertion or conclusion of plaintiff's in the face of the petition itself.

2.   It is sought to nullify the force of defendant's objection to the right of plaintiff to sue in the manner he has, by a plea of estoppel. Passing by any question of the efficiency of an estoppel to qualify one to sue in the courts of this state who is disqualified by the law, we rule the point against plaintiff on the ground that the contract can not be construed as recognizing plaintiff as the administrator under the laws of any particular state. By recognizing plaintiff as administrator, *non constat* that he ·is an administrator in Missouri, or that the suit should be brought in Missouri, why are we not at as much liberty to suppose that the parties meant the recognition of plaintiff as administrator to apply to the state of. his appointment?

*—:—: estop-*
*pel.*

3.   The petition was insufficient in not alleging ownership in Rein.   Clevinger v. Ins. Co., 71 Mo. App. 73; Rabrick v. Ins. Co., 48 Mo. App. 393.   The judgment is reversed and cause remanded.   All concur.