SAM B. STROTHER, Administrator of the Estate of JOHN MANTERNACH, Deceased, Appellant, v. KANSAS CITY SOUTHERN RAILWAY COMPANY and THE CHICAGO & ALTON RAILROAD COMPANY, Respondents.

**Kansas City Court of Appeals, February 15, 1915.**

1. **COSTS: Executors and Administrators.** The plaintiff, as public administrator, sued to recover damages from the defendants for one, Manternach's, death. The defendant, Chicago & Alton Railroad Company, appeared and filed motion for security for costs. The motion was sustained and plaintiff required to deposit $35 or bond in lieu thereof. A motion was filed to set aside the order requiring security for costs, and it was overruled. The plaintiff appealed. *Held,* that an administrator suing under Sec. 5425, R. S. 1909, on a cause of action which accrued during the lifetime of the intestate, is without personal liability for costs.

2. ———: ———. The liability of executors and administrators for costs, is, that where the cause of action accrued to the testator or intestate in his lifetime, the administrator or executor suing and failing to recover is not liable for costs *de bonis propriis* and the judgment for costs will be *de bonis testatoris;* but where the cause of action accrues to the executor or administrator, and he sues and fails to recover, he shall pay the costs himself.

3. ———: ———. Where an administrator sues as the representative of the estate and for the benefit of heirs of the intestate, he stands in the position of an ordinary plaintiff. If the estate is unable to pay the costs he should be ruled to give security on its behalf, whenever it appears that those for whose benefit the action is prosecuted are able to pay the costs, or give security therefor.

Appeal from Jackson Circuit Court.—*Hon. D. E. Bird,* Judge.

REVERSED.

*Sam B. Strother* and *Reed & Harvey* for appellant.

(1) It is our contention that under no circumstances can an administrator be required to give security for costs in actions instituted by him as administrator. Blondeau v. Sheridan, 81 Mo. 556; Ross, Admr., v. Alliman, 60 Mo. 269; State to the Use of Hunter, Admr., v. Maulsby, 53 Mo. 500; Ranney, Admr., v. Thomas, 45 Mo. 111; Laughlin et al. v. McDonald, 1 Mo. 684; White v. McFarland, 148 Mo. App. 347; Podmore v. South Brooklyn Inst., 57 N. Y. Supp. 406; Pfeifer v. Supreme Lodge, 66 N. Y. Supp. 605. (2) The law requires the public administrator to take out letters of administration "when a stranger dies intestate in the county without relations," and after appointment he is required to "institute all manner of suits and prosecutions that may be necessary to recover the property," etc., of the estate of deceased. Sections 302 and 306, R. S. 1909. (3) The probate court has exclusive jurisdiction of probate matters, and the decision of that court as to the advisability of the institution of a suit is conclusive. The Constitution, art. VI, sec. 34; Sec. 4056, R. S. 1909; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923; Reno v. McCulley, 22 N. W. 904; Sec. 112, R. S. 1909.

*Scarritt, Scarritt, Jones & Miller* and *W. P. Pinkerton* for respondent Chicago & Alton Railroad Company.

(1) An administrator, party litigant, public or private, is liable personally for the costs of suit and should be required to give security for costs, as the

statutes governing costs are general, and do not exempt administrators from the terms and provisions thereof. Wooldridge, Admr. of McDonald v. Draper, 15 Mo. 470; A. P. Rittenhouse, Admr. Resp. v. P. H. Ammerlan, 64 Mo. 197; Lewis, Admr., v. McCabe, 16 Mo. App. 398. (2) No conflict in jurisdiction between the probate and circuit courts in requiring administrator to pay costs and to deposit security for costs. Richardson, Resp. v. Palmer et al., 24 Mo. App. 480; State ex rel. Ziegenheim v. Tittman, 103 Mo. 553; Tackett v. Vogler, 85 Mo. 180; Wooldridge v. Draper, 15 Mo. 470; Lynch v. Webster, 17 R. I. 513. (3) In any event, the administrator should be required to pay the costs of suit out of the estate of the deceased and a motion requiring security for costs to be paid out of the estate of the deceased is proper. Roth, Admr. v. Alleman, 60 Mo. 269.

JOHNSON, J.—The petition alleges that plaintiff is the public administrator of Jackson county, that he was duly appointed and qualified as administrator of the estate of John Manternach; that at the time of his death Manternach was more than twenty-one years old and left surviving him no widow, minor child or children, either natural born or adopted, and no father or mother, and that his death was caused by negligence of defendants in the operation of a train. The action is founded on section 5425, Revised Statutes 1909, and the prayer of the petition is for the recovery of $2000, together with costs.

The defendant, Chicago & Alton Railroad Company, appeared and filed a motion "to require plaintiff to give security for costs, for the following reasons, to-wit: First, because the estate is insolvent and the officers of the court are in danger of losing their costs; second, because under all the circumstances the plaintiff should be required to secure the costs of this

cause before being allowed to proceed further." This motion was sustained and plaintiff was ruled to file a cost bond within thirty days, or in lieu thereof, to deposit $35.

Plaintiff filed a motion to set aside this order. On the hearing of that motion it was admitted that as public administrator he "was regularly and legally appointed by the probate court as administrator in this case now at issue, and that as such, he instituted and employed the firm of Reed & Harvey to prosecute this suit, against the defendants herein named, and as such administrator, is conducting this suit," and from the evidence introduced it appeared that plaintiff had been public administrator of Jackson county for five years, had been appointed administrator of a large number of estates where the only asset of the estate was an alleged cause of action for damages and that it was his practice to allow himself to be appointed in such cases whenever a reputable lawyer employed by the parties in interest represented that a cause of action had inured which, under the statute, called for the appointment of an administrator to prosecute it.

In answer to a question relating to the assets of the estate of Manternach he had reduced to his possession, plaintiff testified that he had such assets, that their value was "three or four hundred dollars" and that he had paid all demands allowed against the estate and the filing fee for the present suit. Further he stated that the time for presenting demands would not expire for five months and that he had no knowledge of any which had not yet been presented.

The court overruled the motion to set aside the order ruling plaintiff to give security for costs and on his announcement that he would not comply with the order, dismissed the suit. A motion for a new trial was overruled and plaintiff appealed.

No question of the sufficiency of the petition to state a cause of action under section 5425, Revised

Statutes 1909, is raised and for the purposes of the questions presented for our decision, we shall assume that the petition pleads a good cause and that the administrator of the estate of the deceased is the proper party to prosecute it as plaintiff. The provision of the statute under which his authority is derived is that "if there be no husband, wife, minor child or minor children natural born or adopted, as hereinafter indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent."

The first question for our decision is this: "Is an administrator who, in his representative capacity, institutes and prosecutes a suit to enforce a cause of action arising under section 5425 personally liable for the costs of such suit and, therefore, subject to the provisions of the statute relating to security for costs (section 2259, Revised Statutes 1909). In Wooldridge v. Draper, 15 Mo. 470, it was held that the general rule of law as to the liability of executors and administrators for costs, is, that where the cause of action accrued to the testator or intestate in his lifetime, the administrator or executor suing and failing to recover is not liable for costs *de bonis propriis* and the judgment for costs will be *de bonis testatoris;* but where the cause of action accrues to the executor or administrator, and he sues and fails to recover, he shall pay the costs himself.

In Ranney v. Thomas, 45 Mo. 111, the point of error in rendering judgment for costs *de bonis propriis* against the plaintiff administrator was held well taken, the court saying: "The plaintiff was suing in his representative character, and the adverse judgment against him should have been entered as though he had been sued in that capacity . . . ordinarily where an administrator sues or is sued in his official char-

acter, the judgment should be entered against him in the same character, to be levied out of the assets of the testator or intestate."

To the same effect is the case of State to use v. Maulsby, 53 Mo. 500.

On the hypothesis that the cause of action in the instant case accrued in the lifetime of the deceased, the precise question under consideration was determined adversely to the position of defendant in Ross v. Alleman, 60 Mo. 269, where a motion was filed, as here, to compel the plaintiff administrator to give security for costs "on the ground that he was unable to pay the costs and that the estate which he represented and for which he sued was insolvent. The circuit court sustained the motion. Of this the Supreme Court said: "The judgment is erroneous. The cause of action accrued to the plaintiff's intestate in his lifetime, and in such a case the plaintiff, as administrator, was not personally liable for costs. The judgment should have been against him in his representative capacity, to be satisfied out of the assets of the estate. [Wooldridge v. McDonald, 15 Mo. 470; Ranney v. Thomas, 45 Mo. 111, State to use, etc., v. Maulsby, 53 Mo. 500.] As a general rule administrators prosecuting actions in their representative characters, are not required to give bonds for costs or appeals, for the reason that they have already given bonds, with approved security, to answer for all damages or liabilities touching their acts as such. If their bonds are insufficient, the proper mode is to move, in the probate court, to have them made good."

In Rittenhouse v. Ammerman, 64 Mo. 197, the rule announced in Wooldridge v. Draper, supra, was repeated, i. e., that where the cause of action accrued in the lifetime of the intestate a judgment for costs against the administrator should be against him in his representative capacity and enforced only against the assets of the estate, but where the cause accrues to the

administrator and he sues and fails to recover, judgment for costs should be rendered against him in his personal capacity. The opinion added that in cases where it was proper to render such personal judgment, the administrator, on a proper showing to the probate court might be allowed his costs out of the assets of the estate.

Such being the law in this State, there is no need to refer to decisions in other jurisdictions which appear to take a different view. We are bound to follow the decisions of the Supreme Court and, doing so, find that the question of whether or not plaintiff may be ruled to give security for costs on the theory of his personal liability for them depends on the proper solution of the further question of whether the cause of action pleaded in the petition accrued before or after the death of the intestate. If before, the administrator who, in good faith, prosecuted the action in his representative capacity should not be held liable for the costs and, therefore, should not be required to give security as for a personal liability. If after, he should be held personally liable, and the question of whether or not he should be ruled to give security for the costs properly may be raised.

Section 5425, Revised Statutes 1909, provides that such penalty as is demanded in this action "may be sued for and recovered" by the husband and wife of the deceased, or, if there be no husband or wife, or he or she fail to sue within six months after such death, then by the minor child or children of the deceased, or if there be no husband, wife or minor child, or minor children, etc., then in such case recovery shall be had by the administrator or executor of the deceased, etc.

In construing this statute the courts of the State have uniformly held that since it gives "no general right of recovery open to all persons representing the estate of the deceased or interested in his life, only such persons can recover in such time and in such man-

ner as is set forth in the statute." [Coover v. Moore, 31 Mo. 574.]

The Supreme Court said in McNamara v. Slavens, 76 Mo. 329: "It is a cause of action created by the statute, and no one can sue unless he bring himself within its terms. It is not a joint right of action in the husband or wife and the children. The statute gives the surviving husband or wife six months within which to elect to appropriate the cause of action, the election to be made by the institution of a suit."

Whether the cause of action is to be regarded as a pure creature of the statute, or as a cause merely transmitted by the statute from the deceased person in whom it would vest were he alive, the cause itself is the wrongful act of the defendant that inflicted the lethal injury. The right to appropriate it inures to the widow immediately on the death of her husband. The right given the children is contingent and dependent on the exercise by the widow of her option of appropriation. Speaking to this subject, the Supreme Court say in Packard v. Railway, 181 Mo. 427:

"During the first six months after the death of the husband and father, the right of action is absolute in the wife alone. If she failed to bring suit upon this single cause of action within six months it vests in the minor children and in them only. It is, however, the same cause of action. If she fails to sue within six months, her right to it is gone and that of the children accrues. [Kennedy v. Barrier, 36 Mo. 128; McNamara v. Slavens, supra.]"

In Proctor v. Railroad, 64 Mo. 112, the court, dealing with the damage act, spoke of the statutory cause of action as a transmitted right to sue "which the party whose death is occasioned would have had, had he lived. It is not only a right transmitted but it is restricted by limitations as to the persons who are to enjoy the right, the time within which it is to be enjoyed, and the amount of damages to be recovered."

And in White v. Maxcy, 64 Mo. l. c. 588, the same court said: "Neither of these sections created any new cause of action, but provided for a survival of a cause of action which existed by the common law when the death of the party injured occurred, to certain representatives of the deceased party, and limited the amount of the recovery to a specific sum."

Recently in the case of Strode v. Transit Co., 187 Mo. 616, the Supreme Court held that a release executed by the injured man to the wrongdoer would be a bar to the right of his widow or minor children to sue after his death on account of the negligent act which inflicted the fatal injury. Judge GRAVES, after carefully reviewing the authorities, concluded: "Whether the right of action is a transmitted right or an original right; whether it be created by a survival statute or by a statute creating an independent right, the general consensus of opinion seems to be that the gist and foundation of the right in all cases is the wrongful act, and that for such wrongful act but one recovery should be had, and that, if the deceased had received satisfaction in his lifetime, either by settlement and adjustment or by adjudication in the courts, no further right of action existed."

The underlying thought of all the decisions to which we have referred is that there is but one cause of action to which there may be successive and contingent rights of appropriation. The first right is in the injured person, and he may exercise that right as in the Strode case, to the destruction of the cause of action. If he dies from the injuries without reaping the benefit of his cause, the right of appropriation inures to his widow to be exercised within a limited period. If she fails to exercise her right, the right of the minor children to the cause then becomes absolute and exclusive.

If there be no widow or minor child or children to appropriate the right, it passes to the administrator to be enforced for the benefit of the heirs of the de-

ceased. Whether the alleged actionable wrong immediately resulted in the death of the intestate, the cause of action accrued in his lifetime, and on his death the right to enforce it passed to the administrator of his estate, since he left no widow nor minor child or minor children.

The administrator who appears to have instituted the suit in good faith, under a reasonable belief that a good cause of action had accrued to the intestate, cannot be held personally liable for the costs nor ruled to give security on the ground that he should become personally liable. If the action should fail the judgment for costs should be against the administrator in his representative capacity, to be satisfied out of the assets of the estate. [Ross v. Alleman, supra.]

But it is argued that the estate is insolvent, and that the administrator in his representative capacity should be required to give security. A sufficient answer to this argument is that the fact on which it is predicated finds no reasonable support in the evidence heard by the court which shows that all demands presented against the estate have been paid and the administrator has assets of the value of more than $300 in his hands. It is not known whether or not there are any other claims or liabilities, and we would not be justified in assuming that the estate will turn out to be insolvent. On the present showing, it has sufficient assets out of which the probable costs of the suit may be defrayed. If it should develop at any time during the pendency of the suit that the estate is insolvent, or has insufficient assets to pay the probable costs, the question of requiring the administrator to give security on behalf of the estate properly might be raised, and we deem it necessary to express our views on that subject for the guidance of the court in such event.

The provision of section 2259, Revised Statutes 1909, that on motion of the defendant or any officer of the court any plaintiff may be ruled to give security

for costs whenever the court shall be satisfied (from the evidence) that the plaintiff is unable to pay the costs of the suit should be applied in cases prosecuted by administrators in their representative capacity, as well as in other cases. The statute makes no distinction, but in express terms, applies to any and all plaintiffs and there is no reason for saying that those for whose real benefit such actions are prosecuted should be accorded greater privileges than are enjoyed by other plaintiffs. If the defendants are beaten they must pay the costs and if the plaintiff is beaten, the estate must pay the costs. The statute contemplates that an insolvent plaintiff, if able to pay, or to secure the payment of the costs which may be adjudged against him, must do so, if the defendant or officers of the court move for such security.

The defendant has a right to ask that the parties should stand upon an equality and that the plaintiff should not be suffered to invoke the aid of the courts on better terms than the law will give to the defendant. It is only in instances where the plaintiff is a pauper, i. e., is unable to pay or to give bond for costs that he is allowed by statute to maintain his suit at the expense of the State, and to enjoy a better position with reference to costs than his antagonist (section 2261, Revised Statutes 1909). We think an administrator, suing as the representative of the estate and in cases such as the present for the benefit of heirs of the intestate, should stand in the position of an ordinary plaintiff. If the estate is unable to pay the costs he should be ruled to give security on its behalf, whenever it appears that those for whose benefit the action is prosecuted are able to pay the costs, or give security therefor.

Suppose, for example, that the heirs in the instant case were millionaires, would it not be most unjust and contrary to the purport of the statutes that through the agency of an administrator they should be accorded

the privilege of using the courts without incurring the liability for costs of an ordinary plaintiff? Not being parties to the action, judgment could not be rendered against such solvent heirs, but their representative, the administrator, should be made to call on them for security, on the alternative of a dismissal of the cause if they fail or refuse to give it. On the other hand, if the heirs are paupers within the definition of section 2261, the administrator of an insolvent estate as their representative should be allowed to prosecute the action as a poor person. Our conclusion is that an administrator suing under section 5425, on a cause of action which accrued during the lifetime of the intestate and, therefore, without personal liability for costs should be regarded in his representative capacity as being subject to the provisions of section 2259, relating to security for costs and as entitled to invoke the benefit of section 2261, whenever it appears that the heirs, if entitled to sue in their own names, would be entitled to sue as poor persons.

The question is new in this State, but our conclusion, we think, is in harmony with the weight of judicial opinion in other jurisdictions. [Lynch v. Webster, 17 R. I. 513; 23 Atl. 27; Hardy v. Call, 16 Mass. 435; O'Hear v. Skeeles, 22 Vt. 152; Rutherford v. Town of Madrid, 26 N. Y. Supp. 573; Muntorf v. Muntorf, 2 Rawles (Pa.) 180; Penrose v. Pawling, 8 Watts & Sar. (Pa.) 381; Burns v. Fay, Admr., 14 Pick. 8; Muir's Estate v. Mallett, 2 Haywood (N. C.) 137; Wilcox Ex'c v. Wilkerson, 2 Haywood, 221.]

The judgment ruling plaintiff to give security for costs is reversed.

All concur.