————o————

A. P. RITTENHOUSE, Adm'r, Respondent, *vs.* P. H. AMMERMAN, Appellant.

1. *Administrator—Note made payable to— Term administrator, etc., a surplusage or descriptio personæ, when.*—An administrator can maintain an action in his own name on a note made payable to him as administrator or executor, the official words being treated as mere surplusage or as *descriptio personæ.*
2. *Promissory note—Descriptio, personæ—Executor, when personally liable on—Re-imbursement out of estate.*—In suit on the following note, to-wit: " three months from date promise to pay to order of A. and B. fifteen dollars" etc., etc., with interest at ten per cent. per annum, and if interest be not paid annually to become as principal," etc.

(Signed) "P. H. Ammerman,
Executor of last will of James Johnson, deceased;"
it was *held* that as the instrument contained no words showing an intention to charge the estate, the terms " executor," etc., should be treated merely as *descriptio personæ ;* that the fact of payment to be made at a future day with the interest named, might of itself be sufficient to show a personal undertaking of the executor; that the note of itself imparted a consideration and that it devolved on the maker and was competent for him, if he designed to set up that defense, to show that as his individual contract it was without consideration, and that the payee agreed to look only to the estate. And in such case where the consideration of the note accrued after death of the testator, the administrator will in the first instance be liable *de bonis propriis ;* but he may re-imburse himself out of the assets of the deceased.

*Appeal from Maries County Circuit Court.*

*Lay & Belch,* for Appellant.

Signed as it was there could be no personal liability nor judgment *de bonis propriis* on the note. The intent to bind only the assets of the estate is plain on the face of the instrument.

In the case of Bank of Troy vs. Tapping, 9 Wend. 273 ; 13 Wend. 557, it was held that the executor is not liable unless it be shown that he had assets.

In 13 Wend. it was held that the giving of the note was *prima facie* evidence that there were assets. But in this case it was admitted that there were no assets, and that the estate was and is insolvent. If, however, a personal liability was created by the giving of the note. the admission of the insolvency of the estate of appellant's intestate relieves him from such liability, upon the ground that there was no *consideration*. (See Will. Ex'rs vol. 2, p. 1610 ; Eick vs. Vanderpool, 8 Johns. 120 ; Shoonmaker vs. Roosa, 17 Johns. 301 ; Colb vs. Page, 17 Penn. St. (5 Har.) 469 ; Beale & Co. vs. Ridgeway, 18 Ala. 117.)

*A. P. Rittenhouse*, for Respondent, cited: Pars. Notes and Bills, vol. 1, p. 161 ; same, p. 89 ; Pars. Contr., vol. 1, p. 250.

NORTON, Judge, delivered the opinion of the court.

The defendant in this case was the executor of one James Johnson, deceased, and as such he procured Johnson and Rittenhouse, who were engaged in publishing a newspaper, to publish notices for the sale of his testator's land, and afterwards executed and delivered three several negotiable notes, payable to said Johnson and Rittenhouse, for such publication. The plaintiff, as administrator of the partnership estate of Johnson and Rittenhouse, instituted suit on said notes against defendant. Ammerman, and obtained judgment against him. On the trial it was admitted that the estate of James Johnson was insolvent, and objection was made to the introduction of the notes in evidence, which was overruled, and judgment rendered against defendant *de bonis propriis.*

The questions presented for determination are: 1st. Is the defendant liable in his individual or representative capacity, and if liable, is there a sufficient consideration to support the promise to pay ?

The individual liability of defendant is in a great measure to be determined from the character of the notes themselves. The

following is a copy of one of them, the other two being like it in all respects except as to date, amount, and time of payment.

$15.00                              Vienna, Mo., June 13th, 1874.

Three months after date I promise to pay to the order of Johnson and Rittenhouse the sum of fifteen dollars for value received, negotiable and payable without defalcation or discount, and with interest from date, at the rate of ten per cent. per annum, and if the interest be not paid annually, to become as principal and bear the same rate of interest.

P. H. Ammermann.

Executor of last will of James Johnson, deceased.

It has been repeatedly held that an administrator can maintain an action in his own, individual name, on a note made payable to him "as administrator, etc.," or "as executor, etc.;" the words "administrator, etc." being mere words descriptive of his office or title to be rejected as surplusage or as *descriptio personæ*.

No reason is perceived why this rule of construction should be departed from in the present instance, especially when the notes themselves contain no words indicating an intention or purpose to charge the assets of the intestate with their payment. If such had been the intention of the parties, or the maker of the note, it could easily have been expressed on the face of the paper, and in the absence of such an expression it cannot be inferred.

The notes show that the amounts named therein were to be paid at a future day with a rate of interest agreed upon, with which the defendant had no right in his capacity of executor to charge the estate, by his own personal obligation. Such a writing from these facts alone appearing upon it might well be construed to be the personal undertaking of the executor. (2 Vol. Will. on Exec'r 1613.) If the notes are to be regarded as the individual notes of the defendant, then it is said the promise to pay is without consideration. The notes import a consideration, and it was for the defendant to show that they were given without consideration. For this purpose it would have been competent for defendant to show that at the time the notices were published by Johnson and Rittenhouse at his request, the estate alone was to be looked to for the work done, and in the absence of

such proof the publisher might well look to him for payment, and his promise to pay would be supported by sufficient consideration.

It is said in (1 Pars. Bills 161,) that an administrator can only bind himself by his contracts; he cannot bind the assets of the deceased. If he make, indorse, or accept negotiable paper, he will be personally liable even if he adds to his own name the name of his office, as signing for example: "A. as an executor of B." for this will be only part of his description, or will be rejected as surplusage. But if he choose to exclude his personal liability expressly as by the words, "I promise to pay out of the assets of C. D. and not otherwise, then he is only bound as far as the assets extend." In the case at bar the executor could have limited his liability to the payment of the debt out of the assets of the estate. This, however, he has not done and the contract must be enforced as he has made it, and under it the only judgment which could have been rendered was a judgment *de bonis propriis.*

In the case of Woodbridge vs. Draper, (15 Mo. 327,) an analogous principle is recognized. It is there held that when an administrator sues upon a contract where the cause of action accrued to the intestate during his lifetime, and fails in the action the judgment for costs will be *de bonis testatoris;* but where the cause of action accrues to the administrator after the death of the intestate, and he sues and fails to recover, judgment for costs will be rendered against him *de bonis propriis* in his personal character. In such case, however, on a proper showing to the probate court having the estate in charge, he may be allowed his costs out of the assets of the estate. So in the case at bar Johnson and Rittenhouse, the publishers, had a right to look to the executor for the costs of publishing the notices, and the executor a right to look to the assets of the testator. In this particular the case we are considering is distinguishable from the cases to which we have been cited; for in most of them the promise of the executor or administrator related to the payment of debts created by the testator or intestate in his lifetime, and in such cases it has been held where there were neither assets, nor forbearance on the part

of the creditor, the promise could not be enforced for want of consideration.

We think the judgment on the facts of the case was rendered for the right party and it will therefore be affirmed, which by the concurrence of the other judges is hereby done.