## MILLER v. MAJOR, *Appellant*.

**An action to set aside an Executor's Final Settlement**, cannot be maintained on the mere showing that an illegal allowance was made in favor of the executor; it must also appear that the allowance was procured by fraud.

*Appeal from Howard Circuit Court*—HON. G. H. BURCKHARTT, Judge.

*Sam'l C. Major, Jr.*, and *H. L. Brown* for appellant.

A final settlement is, in effect, equivalent to a judgment of a court of competent jurisdiction, and can only be set aside upon proof that the same was falsely and fraudulently obtained. *Jones v. Brinker*, 20 Mo. 87; *The State v. Roland*, 23 Mo. 95; *Whittlesey v. Dorsett*, 23 Mo. 236; *Mitchell v. Williams*, 27 Mo. 399; *Picot v. Bates*, 47 Mo. 390; *Sullivan County v. Burgess*, 37 Mo. 300; *Lewis v. Williams*, 54 Mo. 200; *Sheetz v. Kirtley*, 62 Mo. 417; *Graham v. Linden*, 50 N. Y. 547; *Smith v. Hurd*, 7 How. (Miss.) 188.

*Herndon & Herndon* for respondent.

The executor must have represented that he paid the money for which he obtained the credit in his final settlement, and such representation, if false, must be considered fraudulent without reference to the motive that prompted it. 1 Story's Eq., (3 Ed.) §§ 186, 187; *Clyce v. Anderson*, 49 Mo. 37; *State v. Roland*, 23 Mo. 95; *Jones v. Brinker*, 20 Mo. 87.

NORTON, J.—This is a suit instituted in the Howard county circuit court, for the purpose of setting aside the final settlement of Henry I. Vivion, executor of Martha Brown, deceased. It is alleged that said Vivion, in his final settlement of said estate, made in February, 1871, procured a credit of $218.20, alleged to have been paid to plaintiff and one Wilford Embrey, which sum was due

from said estate, to said plaintiff and said Embrey; that no part of said sum so credited and allowed to said Vivion at the time of the allowance had been paid; and that of said sum so credited one hundred and thirty-two dollars and twenty cents was due plaintiff; that no part of said sum had then, or at any other time, been paid plaintiff. It is further averred that the said credit, so claimed and allowed, was false and fraudulent as to said amount due plaintiff; that since the said final settlement the amount due to said Embrey had been paid; that said Vivion had died, that defendant, Major, as public administrator, had taken charge of his estate. The facts charged in the petition were put in issue by answer, and on a trial the court rendered a decree setting aside said settlement as to said credit, from which defendant has appealed to this court.

The final settlement of the executor, which is sought to be impeached and overthrown by his proceeding, stands upon the footing of a final judgment, rendered by a court having jurisdiction of the person and subject matter, and it cannot be vacated on the mere ground that an illegal allowance had been made in favor of the executor. To justify its vacation it is not sufficient to show that the allowance was not properly made, but it must further be established that it was procured by fraud, to the injury of the estate or some party interested. 20 Mo. 87; 23 Mo. 95; 27 Mo. 399; 37 Mo. 300; 47 Mo. 390; 54 Mo. 200; 62 Mo. 418. In the case last cited, Judge HOUGH, in his opinion, observes: "Any relaxation of the rule for the purpose of meeting apparently hard cases, can only result in making our judgments partial and confused. Ample time is given by the statute for taking appeals from the final settlement of guardians and curators, and it is better that all concerned should understand that some solemnity and binding force attaches to such settlements, and that they cannot be overhauled years afterwards, to the detriment of innocent parties, merely on account of illegal allowances. Such settlements must stand, unless tainted with fraud or

reversed on appeal." Applying the principle thus settled to the facts as disclosed by the record in the case before us, the judgment of the circuit court cannot stand. The final settlement of Vivion, executor, was offered in evidence by plaintiff, and shows that the county court allowed him, as a credit, the sum of $218.20 for money paid plaintiff and one Embrey. The only other evidence offered by plaintiff was that of Embrey, who testified as follows: "Vivion paid me along in the spring of 1871, and was some time in paying it; was not paid till after April, 1871; he did not tell me he had paid Miller; Miller and I were not partners in the work; Miller employed me, appearing to be acting as Vivion's agent in building the wall around the grave yard." Defendant offered in evidence voucher No. 7, showing an account against the estate in favor of H. B. Miller and Wilford Embrey, of $218.20, filed by him when his settlement was made, and which was allowed him as a credit. This voucher appears not to have been receipted. Notice of final settlement was also put in evidence. This was all the evidence in the case, and we fail to perceive in it any such fraud as would justify us in vacating the judgment of the county court.

The evidence of Embrey only shows that the part of said claim, which belonged to him was not paid at the time of the allowance, but was fully paid by Vivion soon afterwards. It is not inconsistent with the fact that Vivion may have paid to Miller the other part of said account claimed by him at or before the time the county court adjudged it to have been paid, and allowed it as a credit. Although the voucher was not receipted, the county court may have arrived at the conclusion from other evidence, and the presumption is to be indulged that their action was rightful. The final settlement which is attacked was made in February, 1871, and this suit to set it aside was not brought till June, 1875, Vivion, the executor, in the meantime having died. Under these circumstance we are not disposed to vacate the settlement on evidence, which, to

give it the widest latitude, only shows that the credit to the extent that Embrey had an interest in it, should not have been allowed, especially when that had been afterwards paid, and there was no evidence showing any fraudulent contrivance on the part of Vivion in procuring the allowance. The judgment, with the concurrence of the other judges, is reversed and cause remanded.

REVERSED.