Smith, J.
In the first of these two cases, Mr. Mellen seeks the reversal of a judgment rendered against him by the court of common pleas of this county. In the petition in error, no special assignment of error is made; it simply avers that there is manifest error in the record. In strictness, the court is not called upon to examine the record, to see if any error can be found. The petition in error should state in what it consists. But. in the argument it is urged that the verdict of the jury was against the evidence, and that the -trial court erred in overruling the , motion for a new'trial, based on this ground.
The petition of Mellen asked for a judgment against West, as administrator de bonis non with the will annexed, of the estate of L. F. DeGolyer, deceased, and alleged that said es.tate was justly indebted to him in the sum of $125, with interest thereon from July 23, 1866, as evidenced by a note of which a copy is set out, as follows :
July 23, 1866.
Due to the order of W. C. Mellen, One Hundred and Twenty-five Dollars, for services as attorney for me as executor of the estate of L. F. DeGolyer, deceased.
Asile N. DeGoLYER,

Executor of L. F. DeGolyer, deceased.

*91 It further alleges that the note was given Feb. 21, 1874; but as the services had been rendered from July, 1866, it was dated as of that time. That no part of said note has been paid. That in 1874 the said executor made out his final account, and filed it in the probate court of Clermont county, which was afterwards confirmed by the court, and that in said account was this claim, then amounting to $180.25. The petition then states that West is now the administrator of the estate, and that plaintiff presented said claim to him for allowance in May, 1885, which, at the instance of Caroline Ramsey, an heir and legatee, (and who is made a defendant), was rejected by the administrator. And he asks a judgment for $180.25, with interest from March 3,1874.
The answer filed alleges, first, that the executor did not make the note. Second, that it is barred by the statute of limitations of fifteen years. Third, that if the note was given by the executor, it was for a debt of his own, and not of the estate. Fourth, that it is barred by the statute of limitations of six years. The reply traverses these allegations.
On the trial, a verdict was rendered for the defendant, and on the overruling of a motion for a new trial, a bill of exceptions was taken, purporting to contain all the evidence heard on the trial. But it is plain from the bill itself, that such is not the ease; a blank mortgage, unsigned, and a copy of the note sued on, were offered in evidence, but do not appear therein. This would prevent us from considering the question whether the verdict was contrary to the evidence, for we have not the whole of it before us. But we have examined the law questions presented, and state our views upon them.
First — It seems manifest that the action is founded upon a negotiable promissory note, executed by a prior representative of said estate, and the prayer is for a judgment, against the estate. It is true that the petition alleges that an account filed by the executor in 1874, when he resigned his trust, contains this claim. But there is no averment that the court took any *92 action upon this claim, or made any order ©r finding that it was a just claim, and directing its payment, as part of the costs and expenses of administering the estate. And the record of this account, which is produced in evidence, so far as this matter is concerned, only shows that the executor stated .therein, that in July, 1861, he had executed his individual ■note to E. F. Noyes, for legal services rendered him in settling said estate, for $150, and that interest had accumulated ■thereon, to the amount of $126, making due to him $276, and1 •that he had given to Mellen a note for $125, dated July 23, •1866, on which there was interest to the amount of $55.25, rand that there was nothing to pay the same with, unless some land of the estate should be sold. Rut the suit was not found- • ed on this record, or on the account for which the note was .given, and we are constrained to hold, on the authority of 'Gurtis v. The Bank, 39 Ohio St. 579, that this note created no liability against the estate of DeGolyer, and that the court of common pleas did not err in refusing to grant a new trial.
The case of Gen. Noyes was not in all things like that of Mellen. It was not founded on a note, though it is conceded that one had been executed and delivered by DeGolyer as executor, but which in some way was lost. The petition alleges “ that the estate of L. F. DeGolyer is justly indebted to him in the sum of $276, with interest from March 3, 1874, as evidenced by the final account of A. N. DeGolyer, then the executor of the will of said deceased, duly recorded in the probate court of said county, where said executor sets forth said account, and •that the same is due and owing to this plaintiff.” The other averments of the petition are, in substance, the same as those in • the Mellen case, and the subsequent pleadings are the same.
The evidence introduced was a certified copy of this account filed by the executor, the substance of which has been stated, and the evidence of Gov. Noyes, that before 1861 he rendered services to DeGolyer as executor in settling the estate. That in 1861 the executor gave him a note therefor for $150.00, *93 which has been lost. That his claim was correct, and was never disputed by the executor, but has never been paid.
On these pleadings and proof, was there a good cause of action shown against West, administrator of the estate of De-Golyer? We think not. An examination of the authorities shows the rule to be quite clearly established, that an executor or administrator of an estate has no power by his contract to create a debt against the estate he represents, for services rendered to him about the settlement thereof, so as to entitle the person contracted with, to sue for and recover a judgment in a court of law against the estate therefor. It is true, that where the personal representative of this estate has, in good faith and in proper cases, employed counsel to render his services for the benefit of the estate, the court with which he accounts, should allow him on the settlement of his accounts what he has reasonably paid therefor. When such a contract is made, the executor or administrator becomes personally liable thereon, unless he limits his liability, and contracts that the person should look only to the assets of the estate.. When the executor or administrator has paid for such services, there seems to be no difficulty in the matter; that is, the court should allow the administrator the amount paid if it. is a reasonable one; if not,, then so much as is right 'and proper. If the administrator having contracted for such services, has died, or resigned his' trust without having made payment therefor, the remedy of the person rendering such services, as against the estate, is not so clear. If the succeeding representative of the estate is satisfied of the correctness of the charge, and that the probate court would sanction it, the account should be paid by him. But if there is doubt on this point, or the administrator, for any cause, refuses to do this, we have no question but that it should be worked out by the decision of the probate court, which, if the validity and justice of the claim are shown, might direct its payment by the administrator as a part of the costs and expenses .of settling the estate. For the law on these points, see Schouler on Executors and Administrators, sections *94 256, 257, 259 and 260; 47 N. Y. 360 (approved in 28 Ohio St. 237); 64 Mo. 197; 41 N. Y. 315.
Messrs. Frazier & Hieles, for Mellen and Noyes.

W. R. Wallcer, contra.

There having been no such adjudication by the probate court on the filing and settlement of the account of DeGolyer, we are of the opinion tliat no ground was shown iu this case for the recovery by plaintiff below against the estate, and we feel compelled to reverse the judgment with costs.