GREEN CROWLEY, Plaintiff in Error, v. BOYD M.
McCRARY *et al.*, Administrators, Defendants,
in Error.

**Kansas City Court of Appeals, May 11, 1891.**

1. **Pleading**: PETITION TO SET ASIDE FINAL SETTLEMENT : INTEREST
OF PLAINTIFF. A petition seeking to set aside the final settlement
of an administrator must allege that plaintiff is either an heir or
creditor of the estate and his rights are affected by said settlement;
and, where the essential averment that the alleged fraud operated
unjustly to the injury of the estate and the parties interested
therein, or its equivalent, is wanting in the petition, it states no
cause of action.

2. **Action**: SURETY ON NOTE OF ADMINISTRATOR, NOT CREDITOR OF
ESTATE. A, as administrator, gave a note to pay a demand against
his estate. C. signed as surety. The payee assigned the note for
its face value ; and she afterwards gave the administrator a receipt
in full against the demand, with which he made final settlement,
taking credit for the full demand. Afterward C. was compelled to
pay to the transferee a balance remaining due on said note ; and
then instituted this proceeding to set aside the final settlement of
A. *Held*, that C. cannot maintain the action, as the note was not
the note of the estate, but of the administrator, and C. by paying
it did not become a creditor of the estate, but merely of the admin-
istrator.

*Appeal from the Howard Circuit Court.*—HON. JNO. A.
HOCKADAY, Judge.

AFFIRMED.

*Shackelford & Montague*, for plaintiffs in error.

( 1 ) The evidence discloses the fact that this allow-
ance as a credit in the annual settlement was not only not
properly made, but clearly showed that it was procured
by fraud and fraudulent concealment, to the injury of
the plaintiff, so that the case of *Miller v. Vivian*, 67
Mo. 247, is not applicable to the case at bar.   *Oldham &*

*Broadus v. Trimble*, 15 Mo. 325; *Jones v. Brinker*, 20 Mo. 87; *State to use v. Roland & Lehman*, 23 Mo. 95; *Whittleby v. Dorset*, 23 Mo. 236. ( 2 ) The court will set aside a final settlement, even if there is no direct evidence of fraud. *Bryerly v. Donelin*, 72 Mo. 270. ( 3 ) Any omission or concealment that `wrongs the estate must be considered as fraudulent, without reference to the motives that dictated it. *Hunt v. Shepperd*, 79 Mo. 141; *Clyde v. Anderson*, 40 Mo. 37; *Hook v. Payne*, 14 Wallace, 252. In this case it certainly cannot be said it was a mere mistake innocently made. Could he have gotten this allowance if the fact had been stated to the court, is the test in this case. If not, it was a fraudulent concealment. *Standard v. Lack*, 25 Mo. App. 64; *Smily v. Smily*, 80 Mo. 44; *Scudder v. Ames*, 89 Mo. 496, the express point is on page 515; *Smily v. Cockerill*, 92 Mo. 105. ( 4 ) Judgments or settlements can be impeached for fraud or mistake by proper proceedings in equity. *Weinerth v. Trendly*, 39 Mo. App. 333; *Wilson v. Boughton*, 40 Mo. 17; *Boon v. Miller*, 457; 1 Story Equity, sec. 166.

*A. J. Herndon*, and *Draffen & Williams*, for defendants in error.

( 1 ) The plaintiff cannot maintain this action. It is not alleged that he is an heir of Daniel Crowley, deceased, nor does it appear that he is a creditor of said estate. He has not shown that his rights were affected by said final settlement. He has no standing in court, upon the allegations of his petition. The plaintiff must show that his legal rights were affected by said final settlement, before he can be heard to complain thereof. The administrator had no power to bind the estate by the execution of said note. The plaintiff did not become the surety of said estate by signing said note. He could not have obtained judgment in the probate court

for money so paid by him. The duties of adminis-
trators are purely statutory. They cannot create new
obligations against the estate. The note was the per-
sonal note of the administrator. *Studebaker Bros. v.
Montgomery*, 74 Mo. 101–3 ; *Rittenhouse v. Ammerman*,
64 Mo. 197 ; *Church v. McElhinney*, 61 Mo. 540 ; *Rich-
ardson v. Palmer*, 24 Mo. App. 480. (2) There was
no fraud in the final settlement. None is alleged in
the petition, and no attempt was made to prove any,
except the bare allegation that the administrator was
credited. " A final settlement has the force and effect
of a judgment, and can only be set aside or overthrown
on the ground that it was fraudulently procured. Mere
illegal allowances, unless it is found that they were
obtained by fraud, will be no ground for impeaching the
judgment and setting it aside." *Lewis v. Williams*, 54
Mo. 200 ; *Jones v. Brinker*, 20 Mo. 87 ; *Sheetz v. Kirtley*,
62 Mo. 417 ; *Miller v. Major*, 67 Mo. 247 ; *Smith v. Sims*,
77 Mo. 269 ; *Standard v. Lacks*, 25 Mo. App. 64 ; *Phil-
lips v. Broughton*, 30 Mo. App. 148. (3) The rule can-
not be, as contended by plaintiff in error, that the test in
a suit to set aside a final settlement is, " Could he (the
administrator) have gotten this allowance if the fact had
been stated to the court ?" A final settlement, after
notice to all interested, and after a solemn adjudication
by the court, would amount to nothing under such a
test as proposed by plaintiff in error. That would be a
proper question upon appeal. After the matter has
passed into judgment, a very different rule prevails.
There must have been fraud in obtaining judgment. (4)
The judgment below ought to be affirmed, upon the
ground that the plaintiff is in no position to question the
final settlement ; for the further reason, that the credit
complained of was not improper, as Mrs. Crowley
accepted the note and executed her receipt ; and, lastly,
even if the allowance had been illegal, there was no
fraud in the final settlement, and this is not a proceed-
ing to review mere errors or improper allowances made

upon the final settlement. It cannot take the place of an appeal.

SMITH, P. J.—This was a suit in equity brought in the Howard circuit court to set aside the final settlement of an administrator. The petition alleged that Daniel Crowley, in his lifetime, sold a tract of land and made a warranty deed to the purchaser; that his wife did not join in the deed; that his widow, Jennette Crowley, survived him; that the probate court, at its March term, 1887, made an order allowing her $550 for the dower interest in said real estate and directed the administrator to purchase the same for that sum, to save the estate harmless from the covenants in said deed; that said widow released her dower and said administrator paid $100 cash, and, not having the balance of the money on hand, gave her his note, "signed by said Aaron W. Stanley as administrator of said Daniel Crowley," dated March 18, 1887, due on or before May 1, 1887; that it was understood that the plaintiff should sign said note as security, so as to enable said Jennette Crowley to discount the same, and that plaintiff did sign said note as such security; that the note was transferred to George B. Harrison, who paid the face thereof, $450, to said Jennette Crowley; "that, before said Aaron W. Stanley, as such administrator, had paid said note, he, without the consent or knowledge of said Harrison and the plaintiff, and in fraud of their rights, prevailed upon said Jennette Crowley to give him a receipt in full for the whole amount of $550 (five hundred and fifty dollars)," when he had only paid her $100, and when he well knew that she had transferred said note; that he received credit in his annual settlement for the entire sum of $550, at the February term, 1888; that he was only entitled to a credit of $100, paid when the note was given, $70, January 25, 1888, and $190 paid February 2, 1888; that he was only entitled at the settlement to

a credit of $360 ; that this alleged error was not corrected at his final settlement, in August, 1889; that in consequence said administrator received credit for $550 on his annual settlement, when, in fact, he had only paid out $360 ; that he paid after said annual settlement, $100, making $460, leaving him credited with $90 more than he had paid ; that as security on said note plaintiff paid on the principal and interest $150.72 ; that said administrator was improperly credited with said $550, and plaintiff asked that the settlement be set aside, and that the administrator be charged with the sum for which he fraudulently took credit without having paid the same, and for such other relief as plaintiff may be entitled to.   The answer was a general denial.

At the trial the plaintiff to maintain the issue introduced the final settlement of Aaron W. Stanley, administrator of Daniel Crowley, which annual settlement showed that the administrator charged himself with $128.07 brought forward from annual settlement, and his debit in final settlement amounted to $1,902.51, and credit $1,321.43.   It was admitted that due notice was given of the final settlement, made at the February term, 1888, which annual settlement shows that the administrator was allowed as a credit $550, for an amount purporting to have been paid Jennette Crowley, and that there was a balance due to the estate on said settlement of $128.06.   The plaintiff introduced as a witness T. R. Betts, probate judge, who testified that at the March term, 1887, he made an order directing the administrator, A. W. Stanley, to purchase the interest of Jennette Crowley in certain real estate, to which her husband had made warranty deed, and in which the widow did not join.   The order was put in evidence.   At the annual settlement made at the February term, 1888, the administrator presented his annual settlement and produced a receipt from Jennette Crowley for $550. The witness identified the receipt, which shows that Jennette Crowley gave a receipt for $550 in full of the

allowance. The witness, on cross-examination, says that A. W. Stanley handed him the annual settlement with the vouchers and said nothing. "I, knowing that I had made the order to purchase the dower, allowed the credit evidenced by the receipt of Jennette Crowley." The plaintiff then introduced Thomas Shackelford, who testified as follows: "That on the fifteenth of March, 1887, Aaron W. Stanley, Jennette Crowley and Green Crowley came to the office of witness; that Aaron W. Stanley stated that he had obtained an order from the probate court to purchase the interest of Jennette Crowley in the real estate of her husband; that there was plenty of assets due the estate of Daniel Crowley to pay the amount, but that he could not then collect them; that he had in money $100; that he had made arrangements with George B. Harrison to discount his note as administrator for $450, with Green Crowley as security. Mrs. Crowley wanted to leave the state. I had previously made a calculation for Mr. Stanley as to what the dower interest was worth, taking into consideration the annual rents and the age of the widow, so as to get the worth. I estimated it at about $600. I drew the note for $450, and a quitclaim deed for Mrs. Crowley. The note shown is the note, which is as follows:

" '$450.          GLASGOW, MISSOURI, March 15, 1887.

" 'On or before the first day of May, 1887, we promise to pay to Jennette Crowley, or order, $450, being for dower in the real estate mentioned in a deed of this date, she having received $100 in cash, leaving the above due her with interest at the rate of eight per cent. per annum from date.

" '[ Signed.]                AARON W. STANLEY.
                    " 'DANIEL CROWLEY, Adm'r.
                    " 'GREEN CROWLEY, Security.'

"After the note was signed I went with Mrs. Crowley and Stanley to George B. Harrison, and I

indorsed and witnessed the transfer of the note by Mrs. Crowley, which is indorsed on the note as follows :

"'I assign the within note to George B. Harrison, without recourse.

her<br>
"'JENNETTE X CROWLEY.<br>
mark

"'Attest:  T. SCHACKELFORD.'

"Mr. George B. Harrison paid her the money and took the note."

George B. Harrison, being sworn, testified as follows:  "About the fifteenth of March, 1887, Aaron W. Stanley came to me at the bank in Glasgow with Mrs. Jennette Crowley, and Stanley said to me that he wanted to pay Mrs. Crowley $450 for the estate of Daniel Crowley ; that he had plenty of assets but did not have the money in hand, and asked me if I would take his note as administrator for $450, with Green Crowley as security.  I told him I would.  Soon afterwards Mrs. Crowley and Stanley came to me with the note, which was assigned by Jennette Crowley without recourse.  I paid her the note.  On January 25, 1889, Aaron W. Stanley paid me on the note $70 ; on February 2, 1888, he paid me $190 ;  on October 15, 1888, he paid me $100; on May 3, 1890, Green Crowley, the security, paid me the balance due, $152.72."  This being all the evidence introduced, the court found the issues for the defendants and dismissed the plaintiff's petition and entered a final decree that the defendants go thence without day, etc.  The plaintiff brings the case here by writ of error.

I.  It is insisted that this action cannot be maintained for the reason that it is not alleged in the petition that the plaintiff is either an heir or creditor of Daniel Crowley, deceased.  It does not appear from the petition that the plaintiff's rights were affected by the final settlement which he seeks to impeach.  He must allege and show that his legal rights have been affected by the final settlement, before he can be allowed to invoke

the interposition of a court of equity. He must show the existence of an interest in fact. This is an elemental rule. It has been established in this state by a long line of adjudications that, to authorize the setting aside of the final settlement of an administrator, the petition for that purpose must charge that the allowance complained of was procured by fraudulent and false means, unjustly to the *injury of the estate and parties interested.* *Jones v. Bn. .:er*, 20 Mo. 88; *Mitchell v. Mc Williams*, 27 Mo. 399; *Sullivan Co. v. Burgess*, 37 Mo. 300; *Picott v. Bates*, 47 Mo. 390; *Sems v. Williams*, 54 Mo. 200; *Sheetz v. Kirtley* 62 Mo. 418; *Miller v. Thayer*, 67 Mo. 247.

The allegation of the petition is that "the administrator was improperly credited with $550." This does meet the unbending requirement of the rule of pleading stated in the authorities just cited. It is true that the petition charges that the administrator, before he had paid said note without the knowledge of said Harrison and the plaintiff and in fraud of *their rights*, prevailed upon the widow Crowley to give him a receipt in full for the whole $550, etc.; but this is not equivalent to the necessary allegation that this fraud operated "unjustly to the injury of the estate and the parties interested." Neither this essential averment, nor its equivalent, is anywhere to be found in the petition.

The administrator had no power to bind the estate by the execution of the note to the widow, on which the plaintiff became surety. The plaintiff did not become the surety of the estate by signing this note. The duties of administrators are purely statutory. They cannot create new obligations against the estate. The note was the personal note of the administrator. The plaintiff was his surety, and not that of the estate. *Rittenhouse v. Ammerman*, 64 Mo. 197; *Presbyterian Church v. McElhinney*, 61 Mo. 540; *Richardson v. Palmer*, 24 Mo. App. 480. The petition, therefore, only shows that the plaintiff was the surety of the administrator on his

personal note, and that on account of such suretyship he was compelled to pay $150.72. But this circumstance surely does not make plaintiff an heir or creditor of the estate or interested therein. It may, and probably does. render him a creditor and interested in the individual estate of the deceased administrator. As already stated, the payment of the balance due on the personal note of the administrator was the payment of no obligation of the estate, and did not, therefore, make him one of the creditors. This being so, the plaintiff must be regarded as a mere stranger, and not one of the classes of persons who would have a right to assail the administrator's final settlement of said estate on any ground. The allegations of the petition do not show that the plaintiff has any standing in court.

II. It may further be observed that the evidence does not show that any injury has resulted to the estate of Daniel Crowley, deceased, or to those interested therein. The administrator was duly authorized to pay the widow Crowley $550. This sum he paid her in money, and with his personal note on which plaintiff became surety. She negotiated this note, receiving the amount thereof. She assigned it without recourse. She executed her receipt for the whole of the $550 to the administrator. This receipt was valid. It was not in any sense fraudulent. It discharged the estate of its obligation to her. She could have no further claim in law or equity against the estate for the consideration for the release of her dower. The allowance to the administrator of the amount of this payment to her as a credit in his settlement was no fraud on the estate. What right had the persons interested in the estate to complain of this? The widow had been paid in full for dower and had given her receipt therefor, and that was an end to the matter so far as they were concerned. As respects the payment of the note to the widow's assignee by the plaintiff, that was a matter with which

neither the estate nor the widow had any further inter-
est. It concerned only the administrator in his personal
capacity, the assignee of the note and the plaintiff. The
plaintiff's remedy is manifestly against the estate of the
deceased administrator. Neither upon the pleadings nor
the evidence can we discover that he has any right to
have the final settlement of the estate of Daniel Crowley
disturbed. The decree will, therefore, be affirmed. All
concur.