BARTLEY PROCTOR, Respondent, v. THE MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY; GEORGE A. EDDY AND H. C. CROSS, Receivers, Appellants.

Kansas City Court of Appeals, November 10, 1890.

1.  Railroads : RECEIVERS : SERVICE : FEDERAL STATUTE.  Under the act of Congress, 24 United States Statutes, 554, where service is had in such a way that it would have been good against the corporation before the business and property were placed in the hands of the receiver, it is sufficient service to bring the receiver into court; and so service on a station agent is good as against such receiver, he being the agent of the receiver and no longer the agent of the corporation.  The fact that the sheriff may have understood he was commanded to serve the corporation, and further understood he had made service on the corporation, is immaterial, since, he, in fact, served the agent of the receiver.

2.  Negligence : MASTER AND SERVANT : PLEADING.  A petition set out in the opinion *held* to state a cause of action.

3.  Pleading : PETITION AGAINST RECEIVER OR CORPORATION.  Said petition is also *held* to be against the receivers alone, and not against the corporation.

4.  Judgment: AGAINST RECEIVER OR CORPORATION : AMENDMENT. A judgment set out in the opinion is *held* somewhat irregular, and subject to be amended so as to stand against the receivers to be satisfied out of the assets of the corporation in their hands.

*Appeal from the Howard Circuit Court.*—Hon. G. H. Burckhartt, Judge.

Affirmed (*with directions*).

*Jackson & Montgomery*, for appellant receivers.

(1) There is no service of process upon the defendants, Eddy and Cross, and the motion to dismiss filed by them should have been sustained. *First.* The motion itself is sufficiently definite to present the defects in the return of service. *Jordan v. Railroad*, 61 Mo. 52. *Second.* The service upon the agent in charge of the business office of the Missouri, Kansas and Texas Railway Company as stated in the return is not service upon either of the defendants, Eddy and Cross. *Heath v. Railroad*, 83 Mo. 620; R. S., secs. 2526, 2527, 2528. *Third.* The act of congress approved August 13, 1888, United States Statutes at Large, page 436, sections 2 and 3, do not provide for service of process, or have any relation thereto. (2) The receivers are in no sense the agents of this corporation, and service upon the corporation is not service upon them. A corporation can only be brought into court by service of process in the manner directed by the statute, and a corporation is not liable for any loss or damage occasioned while its property is in the hands of receivers and in the operation of the property by them. *Turner v. Railroad*, 74 Mo. 602; *Farrell v. Trust Co.*, 77 Mo. 477. Nor are the receivers liable for any damage occasioned by the operation of the railway while in the hands of the corporation. High on Receivers, sec. 396; 4 Cent. Law Jour. 543; 6 Cent. Law Jour. 201; 21 American Law Review, 553. (3) The judgment entered in this case is against the receivers personally, notwithstanding the *descriptio personæ* which follows their names, and the rendition of such a judgment is sufficient error to reverse the case.

*Laughlin v. McDonald*, 1 Mo. 684 ; *Turner v. Hall*, 60 Mo. 271, and authorities cited. The receivers as such are not personally liable for the torts of their employes while engaged in the operation of the railway. They are only liable for their own personal acts of negligence. Wait on Insolvent Corporation, sec. 241, *et seq.;* High on Receivers, secs. 255, 395. An action does lie against a receiver in his official capacity, but the judgment is not against him personally, and is only leviable out of the assets in his hands as such receiver. *Holmes v. Smith*, 78 Mo. 39.

*Jackson & Montgomery*, for appellants.

The petition does not state facts sufficient to constitute a cause of action, and the objection to the admission of any evidence, as well as the motion in arrest of judgment, should have been sustained. The petition shows on its face that Eddy and Cross were in possession of and operating said railway as receivers, having been put in possession thereof under the orders and decrees of the United States circuit court having jurisdiction, and the railway company is not responsible for the negligence of the servants of the receivers engaged in operating the road. *Turner v. Railroad*, 74 Mo. 604 ; *Heath v. Railroad*, 83 Mo. 620 ; High on Receivers, sec. 396, and authorities cited ; Beach on Receivers, sec. 721, and authorities cited. The testimony fails to disclose any facts which show any other relation than that of fellow-servant. *Stevens v. Railroad*, 86 Mo. 229. The court cannot take judicial cognizance of the duties required of, or performed by, an employe, nor of the degrees of supremacy or subordination existing among employes. *McGowan v. Railroad*, 61 Mo. 532.

*O. S. Barton* and *S. C. Major*, for respondent.

(1) The first, and really the only, point in the case is, whether or not the Howard circuit court had jurisdiction over the persons of those receivers to hear and

determine this case as against them; or, embracing the same proposition, whether what would be good service on the Missouri, Kansas and Texas Railway Company would be good service on the receivers. Since the trial of this cause in the lower court, this identical point has been decided by Judge CALDWELL in the case of *Trust Co. v. Railroad*, 40 Fed. Rep. 426. A recent act of congress contains these provisions: "Section 2. That, whenever, in any cause pending in any court of the United States, there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the state, in which such property shall be situated, in the same manner the owner or possessor thereof would be bound to do if in possession thereof. Any receiver or manager who shall wilfully violate the provisions of this section shall be deemed guilty of a misdemeanor, and shall, on conviction thereof, be punished by a fine not exceeding three thousand dollars, or by imprisonment not exceeding one year, or by both such punishments, in the discretion of the court. Sec. 3 That every receiver or manager of any property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice." Act, March 3, 1887, secs. 2–3; 24 U. S. St. 554. (2) The receivers having failed to either demur to, or answer, plaintiff's petition, all objections are deemed to have been waived. excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection. that the petition does not state facts sufficient to constitute a cause of action. R. S. 1889, sec. 2047; *Dobson*

v. *Winner*, 26 Mo. App. 329 ; *Nicholson v. Golden*, 27 Mo. App. 132 ; *Ryors v. Pryor*, 31 Mo. App. 555 ; *Butler v. Lawson*, 72 Mo. 227 ; *Railroad v. Anthony*, 73 Mo. 431 ; *Walker v. Deaver*, 79 Mo. 664. (3) Therefore, the only remaining point for the consideration of the court is, does the petition state facts sufficient to constitute a cause of action ? In support of which we cite the following authorities : *Dougherty v. Railroad*, 9 Mo. App. 478 ; *Bevis v. Railroad*, 26 Mo. App. 26 ; *Herriman v. Railroad*, 27 Mo. App. 435 ; *Clay v. Railroad*, 17 Mo. App. 629 ; *Mack v. Railroad*, 77 Mo. 232 ; *Ellet v. Railroad*, 76 Mo. 535 ; *Carlisle v. Packet Co.*, 82 Mo. 40 ; *Cendy v. Railroad*, 85 Mo. 79 ; *Sullivan v. Railroad*, 97 Mo. 113 ; *Pope v. Railroad*, 99 Mo. 400 ; *Hunt v. Railroad*, 14 Mo. App. 160 ; *Hill v. Scott*, 38 Mo. App. 370 ; *Stephens v. Railroad*, 96 Mo. 207.

ELLISON, J.—Plaintiff instituted this action by filing the following petition :

"Bartley Proctor,
                    Plaintiff,
            *vs.*
"Missouri, Kansas and Texas
    Railway Company, a Corpo-
    ration ; George A. Eddy and
    H. C. Cross, Receivers,
                    Defendants.

. "Now at this day comes the plaintiff and for his amended petition, leave of court having been asked and obtained, states : That the Missouri, Kansas and Texas Railway Company is a corporation, incorporated according to law ; that the defendants, George A. Eddy and H. C. Cross, are the receivers of the corporation, appointed as such by Judge DAVID J. BREWER, Judge of the eighth circuit of the United States circuit court ; and at the time hereinafter mentioned were operating such railway in the state of Missouri. Plaintiff further

states that on or about the nineteenth day of February, 1889, he was in the employ of said defendant as a common laborer, and was under the control of the boss, whose duty it was to direct the plaintiff in and about his duties as said employe, as well as a number of other employes of said defendant; that on said day the said boss in the discharge of his duties ordered the said plaintiff, in company with his other colaborers, to proceed to Boonville, Cooper county, Missouri, for the purpose of loading on the cars of the defendant certain piling belonging to said defendant; that the plaintiff, together with certain other employes of said defendant, was assisting under the command of said boss, in loading said piling on said cars, and in loading said piling it was necessary to place from the ground to the car a railroad iron to be used as a skid in loading said piling; that the said boss ordered the plaintiff with others of his colaborers to raise one of the iron rails from the ground and place one end on the defendant's car; that when said rail was so raised the plaintiff, acting under the order of said boss, thought that said rail was to be placed with one end on the car and other on the ground, as the rails were formerly placed, but that said boss negligently and carelessly ordered the colaborers of plaintiff to throw said rail to the ground without giving the said plaintiff warning. The plaintiff being on the opposite side of said rail from the other laborers, and through the negligence and carelessness of said boss in giving said order, the rail was thrown on the foot and ankle of said plaintiff, bruising and injuring the ankle of said plaintiff, by reason of which he, the said plaintiff, was sick and sore and lame for a period of two months and unable to work and suffered great pain in body and mind, and was put to the expense of hiring a physician and surgeon, and the plaintiff lost two months from his labor, and the plaintiff still suffers from said wound, caused from the negligence and carelessness of

the defendant as aforesaid. Wherefore, the plaintiff says he has been damaged to the sum of one thousand ( $1,000 ) dollars for which he asks judgment, together with costs of this suit."

The process issued upon the original petition was as follows :

" STATE OF MISSOURI, }
" County of Howard. } In the Circuit Court.

" *The State of Missouri to the Sheriff of Howard County, Greeting :*

" We command you to summon the Missouri, Kansas and Texas Railway Company, George A. Eddy and H. C. Cross, receivers, if it be found in your county, to appear before our circuit court, to be holden within and for the county of Howard, at the court house, in the city of Fayette, in said county, on the first day of next term thereof, to be begun and held on the first Monday in June next, A. D. 1889, then and there, before the judge of our said court, to answer the petition of Bartley Proctor ; and have you then and there this writ, with the return of your action thereupon.

" Witness my hand as said clerk of said court, and the seal thereof. Done at office in Fayette, in the county aforesaid, on the fifteenth day of May, A. D. 1889.                    HAMP B. WATTS,
·"Clerk."

Sheriff's return :

" Executed the within writ in the county ol Howard and state of Missouri on the twelfth day of May, 1889, by leaving a certified copy of the original summons together with a certified copy of the original petition thereto attached at a business office of the within-named defendant, with W. M. Robertson, the person having charge thereof, the president or other chief officer being absent from the county and could not be found in the county.                    J. C. MAUPIN,
" Sheriff Howard County, Missouri."

At the June term, 1889, George A. Eddy and H. C. Cross, receivers, filed a motion to dismiss the action for want of jurisdiction of the court over them. The motion is in words and figures as follows:

" Bartley Proctor,.

Plaintiff,

*vs.*

" Missouri, Kansas and Texas Railway Company, George A. Eddy and H. C. Cross, Receivers,

Defendants.

" Now come George A. Eddy and H. C. Cross, receivers, and, appearing solely for the purposes of this motion, move the court to dismiss this cause as to them, for the following reason, to-wit : Because the court has no jurisdiction over the persons of these receivers to hear and determine this cause as against them."

This motion was overruled and defendants; George A. Eddy and H. C. Cross, declining to further appear or to answer the cause, the case proceeded to trial. The attorneys for the receivers, being also attorneys for the railway company, appeared for the company and contested the case. The result of all the foregoing was the following judgment ( after reciting the verdict ) : " It is, therefore, ordered and adjudged by the court that plaintiff have judgment against defendant, Missouri, Kansas and Texas Railway Company, a corporation ; George A. Eddy and H. C. Cross, receivers, together with costs and charges in˘ this behalf laid out and expended, and that execution issue therefor."

The receivers and the railway company have separately appealed to this court. .The controversy here for the receivers is that there was no jurisdiction over the person of the receivers because of no service on them, and that the motion to dismiss for that reason ought to have been sustained ; and that the petition does not state a cause of action. It is conceded that the service

is good as it, or the suit, may be considered as against the corporation; and the point made by the receivers is, that jurisdiction can only be obtained over them by personal service, which cannot be had by service upon an agent. We are cited to the case of *Heath v. Railroad*, 83 Mo. 620, as sustaining this position. But since that case was decided it has been enacted by congress, 24 United States Statutes, 554, that all receivers (in federal courts) shall operate the property under their charge according to the laws of the state where the property is situated in the same manner that the owner would be bound to do if in possession. And that such receivers may be sued in courts of competent jurisdiction without previously obtaining leave of the court appointing them. Under this statute, it has been held that where service is had in such way as that it would have been good against the corporation before its property and business were placed in the hands of a receiver, it is sufficient service to bring such receiver into court. Thus, by the statute of Arkansas, service might be had on a railway company by serving the "clerk or agent at any station," and it was held that as the station agent became the agents of the receivers, and that the receiver should operate the road under the law of the state through which it passed, service on the agent, as provided by the state statute, was sufficient service on the receivers. *Central Trust Co. v. Railroad*, 40 Fed. Rep. 426. The effect of the federal statute as thus construed is, that service may be had on the receiver's agent in the manner such service would have been made had the corporation been sued before the receivership and its agent been served. The station agent in charge of the station is no longer the agent of the corporation. He is the agent of the receiver (*Heath v. Railroad*, 617, 625), and we are, therefore, better reconciled to the construction placed upon the federal statute, since in no case would it permit proceeding in this state without notice to the receiver personally, or through his

agent who has charge of his business office.    R. S. 1889, secs. 2526, 2527.

II.    The objection that the petition does not state facts sufficient to constitute a cause of action is not insisted on in the brief of counsel.  · We will say, nevertheless, that we are of the opinion it does state a cause of action.

That part of the objection that the suit is against the corporation and not against the receivers, or that it is against both the corporation and the receivers ( as in the latter way it seems to have been treated by appellant's counsel in the lower court), will be disposed of by what follows.    A perusal of the petition will show that it is against the receivers alone.    The styling of the parties defendant does not necessarily disclose that it was intended thereby to make the corporation a party. The petition itself charges, " that the Missouri, Kansas and Texas Railroad Company is a corporation," and " that the *defendants*, George A. Eddy and H. C. Cross are the receivers of the corporation,  *  *  *  and at the time hereinafter mentioned were operating such railway in the state of Missouri."    It is true that in after portions it speaks of the defendants in the singular, but, taken as an entire pleading, we are satisfied it is only against the receivers.    The corporation contested the case in the lower court and has also appealed, as before stated ; but we think its contest and its appeal, as though a party to the cause, was not necessary, as it was not a party defendant, and no judgment could be, or, in our opinion, has been, rendered against it.

The judgment is not as formal as it should be and is somewhat irregular.    It should be amended so that it will stand against George A. Eddy and H. C. Cross as receivers of the Missouri, Kansas and Texas Railway Company, to be satisfied out of the property and assets of said company in charge and possession of such receivers.    *Combs v. Smith*, 78 Mo. 32 ; *Ranney · v. Thomas*, 45 Mo. 111 ; *State v. Maulsby*, 53 Mo. 500.

The cause will be remanded with directions to so correct the judgment, and, corrected, it will stand affirmed. All concur.

### ON MOTION FOR REHEARING.

Conceding that the sheriff understood from the command of the summons that he was to make service on the railway corporation as contended by counsel; and conceding further, that it is apparent from his return that he understood that he had made service on the corporation, yet, if it nevertheless be a fact that he has served the receivers, by serving their agent in Howard county, of what avail is his misunderstanding? The facts are that the return shows that he whom the law says is the agent of the receivers has been served, and this is sufficient. We are willing to admit that there has been more indefiniteness and looseness in the proceeding from the beginning than should have been; but we are of the opinion that we have disposed of the case in a way which is justified by the law, and which subserves the ends of justice and, therefore, deny the motion.