TURNER E. SMITH, Respondent, v. FREDERIC A. DELANO et al., Appellants.

Kansas City Court of Appeals, May 4, 1914.

1. **JUDGMENTS: Receivers: Appeal: Nunc Pro Tunc Judgment.** A judgment was rendered against three receivers of a railway company as such receivers, but by mistake the clerk entered the judgment against them as individuals. It was held that after appeal had been taken and the transcript filed in the appellate court, the trial court had jurisdiction to correct the judgment *nunc pro tunc* so as to enter is as rendered.

2. **ASSAULT AND BATTERY: Negro Porter: Passenger.** Where a negro porter standing outside coaches of a waiting train makes offensive remarks to a passenger making inquiry as to which coach he should enter and, after some words starts to assault the passenger, when the latter resists and a fight ensues, the carrier is liable in assault and battery.

3. **——: Damages Actual and Punitive.** In an action for assault and battery by a negro porter on a passenger making inquiry as to which car he should enter, $500 punitive damages are not excessive.

Appeal from Ray Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

AFFIRMED.

*J. L. Minnis* and *Lavelock & Kirkpatrick* for appellants.

*Hamilton & Herndon* for respondent.

ELLISON, P. J.—Plaintiff's action is based on an assault and battery by one of defendants' servants. The judgment in the trial court was for plaintiff.

It appears that the Wabash Railway Company was in possession and was being operated by the three defendants as receivers and that, as such, they operated the road as an ordinary common carrier of passengers. The judgment for plaintiff was entered as though rendered against the defendants individually and this seems not to have been discovered until after defendants' appeal to this court had been taken and the transcript filed here. When discovered plaintiff filed a motion in the trial court for an entry of a proper judgment against defendants in their capacity as receivers and that the amount thereof be satisfied out of the property of the railway corporation in their hands as receivers (Proctor v. Ry. Co., 42 Mo. App. 124). This motion, after due hearing, was sustained.

After citing authority on the proposition that receivers of a corporation cannot be "sued individually for acts done officially and that personal judgments, where sued as receivers, are unenforcible," defendant seeks to hold plaintiff to the record of the judgment before the change made by the *nunc pro tunc* order. It is insisted that the corrected record of the judgment could not be made after an appeal had been taken and the transcript of the record filed in the appellate court.

We think this is an erroneous view. It is true that after an appeal is taken jurisdiction of the cause is transferred with the appeal to the appellate court, but the trial court still retains jurisdiction over its records and may order them amended from proper data. [Sec. 1851, R. S. 1909; DeKalb Co. v. Dixon, 44 Mo. 341; Ross v. Railway Co., 141 Mo. 390 and cases cited; Reed v. Bright, 232 Mo. 399, 415; Jackson v. Fulton, 87 Mo. App. 228.] We therefore have concluded that defendants' objection to the judgment as last entered, including that part of the objection that it was error to include in the amendment the direction to make the money out of assets and property of the corporation in defendants' hands, should be overruled.

The only other complaint is that the verdict is against the weight of the evidence and that it is excessive and thereby discloses passion and prejudice on the part of the jury. The evidence in behalf of plaintiff, in view of the verdict in his favor, must be accepted as showing the facts in the case. From this evidence it appears that plaintiff had purchased a ticket on defendants' road at the ticket office in Kansas City and had showed it to the gatekeeper who passed him out to the tracks at the station to get upon his train. He saw a negro porter standing at the entrance of the steps to one of the chair cars in the train and asked him if there was a smoking car towards the front end. To this inquiry he received an insulting answer in tone and manner. Plaintiff got upon the platform between the smoker and chair car, saw the smoker was pretty well filled and turned towards the chair car. Then some request was made by the porter to see plaintiff's ticket, which he being up on the platform, refused to show to the porter, but did show to a brakeman. When he descended from the car and started away to another car more words followed when the porter called him a vile name and started after him. Plaintiff threw his grip forward and at the approach-

ing negro in defense of his threatened assault. A fight ensued amid a crowd of onlookers, which resulted in some injury to both. Plaintiff was knocked down and received several bruises. Finally the negro "ran for a policeman" and the affair ended.

Accepting plaintiff's version of the matter, as we must, it is manifest that no other verdict could have been rendered than one in his favor. The question of prejudice is but a part of the point made as to excessive amount of the damages, $500 actual and $500 punitive. These amounts seem reasonable enough; they have met the approval of the trial judge, and we would not be justified in reducing them. The punitive sum might have been materially more without passing beyond reason. The actual damage is justified on the ground that plaintiff was hurt, though not permanently, yet severely and the evidence showed he suffered from the nervous shock resulting from the encounter.

On the whole record there is no ground for our interference and we affirm the judgment. All concur.